[Cite as *Wozniak v. Fritsch*, 2014-Ohio-4693.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 101175

---

## THOMAS J. WOZNIAK

### PLAINTIFF-APPELLANT

vs.

## MICHAEL J. FRITSCH, ET AL.

### DEFENDANTS-APPELLEES

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-801829

**BEFORE:** S. Gallagher, J., Boyle, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 23, 2014

**ATTORNEY FOR APPELLANT**

William S. Derkin
5702 Theota Avenue
Parma, OH    44129


**ATTORNEYS FOR APPELLEES**

James A. Climer
Frank H. Scialdone
Cara Wright
Mazanec, Raskin, Ryder & Keller Co.
34305 Solon Road
100 Franklin's Row
Cleveland, OH    44139

**For David Britton, et al.**

Linda Garrett Beebe
19111 Detroit Road, Suite 205
Rocky River, OH    44116

SEAN C. GALLAGHER, J.:

{¶1} Plaintiff Thomas Wozniak appeals from the trial court's decision granting summary judgment in favor of defendants Michael Fritsch, Edward Gannon, and Richard Ginley (collectively "Lakewood Defendants"), all detectives for the city of Lakewood, Ohio, and defendants David Britton, Eric Print, David Wright, Dennis Markley, LSC Service Corp., and SS. C&M Haven Inc. (collectively "C&M Haven Defendants"), upon Wozniak's claims for false arrest and retaliation. Finding no merit to any of Wozniak's arguments, we affirm.

{¶2} For approximately ten years, Wozniak lived in Fedor Manor, which is a HUD-financed facility operated by the C&M Haven Defendants. On February 27, 2012, Wozniak was seen trespassing in several apartments in Fedor Manor, and the Lakewood police were contacted. The Lakewood Defendants investigated the incidents and sought a statement from Wozniak. Wozniak declined the request until he could consult with legal counsel. After the Lakewood Defendants issued warrants for Wozniak's arrest for criminal trespass, Wozniak gave a statement claiming a reasonable basis for entering several apartments, which he believed to be unoccupied. At least one of the apartments was occupied by another tenant.

{¶3} The Lakewood Defendants arrested Wozniak, and it is not clear from the record the extent of the C&M Haven Defendants' involvement in the arrest, beyond reporting the trespass to the police. In an affidavit submitted in response to the

Lakewood Defendants' motion for summary judgment, Wozniak summarily concluded that the C&M Haven Defendants sought his arrest, but Wozniak did not include a foundation to transform his speculative belief into a fact.

{¶4} During the prosecution of the trespass claims against Wozniak, the municipal court accepted a no contest plea and placed Wozniak into a diversion program. Shortly thereafter, Wozniak filed a complaint against the defendants, advancing a claim for false arrest and later amended to include a retaliation claim. The trial court granted summary judgment in favor of all the defendants in two separate entries. Wozniak timely appealed. He now claims the trial court erred in granting summary judgment in favor of both sets of defendants, on both claims.[1] We find no merit to Wozniak's two assignments of error.

{¶5} Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. "Summary judgment may be granted only when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party." *Marusa v. Erie Ins. Co.*, 136 Ohio St.3d 118, 2013-Ohio-1957, 991 N.E.2d 232, ¶ 7.

---

[1]Wozniak advanced two assignments of error. The first provides that the trial court erred in granting summary judgment in favor of the Lakewood Defendants, and the second provides that the trial court erred in granting summary judgment in favor of the C&M Haven Defendants. Because some of the issues overlap, both assignments of error will be addressed together because they relate to the false arrest and retaliation claims.

{¶6} We summarily overrule Wozniak's arguments pertaining to the retaliation claim. The retaliation claim was predicated upon the C&M Haven Defendants' April 2013 notice of intent to terminate Wozniak's tenancy, allegedly sent in retaliation for a 2008 lawsuit Wozniak filed against the C&M Haven Defendants. Even if the intent to evict is a sufficient basis to advance a retaliation claim, temporal proximity between the lawful activity and the retaliation is generally a substantial factor in determining the landlord's motives. *Reid v. Plainsboro Partners, III*, 10th Dist. Franklin Nos. 09AP-442 and 09AP-456, 2010-Ohio-4373, ¶ 39, citing *Karas v. Floyd*, 2 Ohio App.3d 4, 440 N.E.2d 563 (2d Dist.1981), paragraph one of the syllabus. Wozniak failed to support his argument with any citations to authority, as required by App.R. 16(A)(7), demonstrating that a five-year-old incident is a temporally sufficient foundation for a retaliation claim. For this reason, we decline to address any assigned error with respect to the trial court's decision involving the retaliation claim.

{¶7} The only remaining issue on appeal, therefore, focuses on the false arrest claim. In order to establish a claim for false arrest, a plaintiff must adduce facts demonstrating the intentional detention of the person and the unlawfulness of the detention. *Ficklin v. Home Depot U.S.A., Inc.*, 8th Dist. Cuyahoga No. 94458, 2010-Ohio-5601, ¶ 34, citing *Barnes v. Meijer Dept. Store*, 12th Dist. Butler No. CA2003-09-246, 2004-Ohio-1716, ¶ 15, and *Harvey v. Republic Servs. of Ohio*, 5th Dist. Stark No. 2007 CA 00278, 2009-Ohio-1343, ¶ 40. A cause of action for false arrest exists against either the persons making the arrest or their employers and any private

citizen who specifically requests the arrest or provides false information to cause an arrest. *Id.* at ¶ 34-35. Private citizens are "insulated from tort liability if their request for assistance does not amount to a request for arrest." *Id.*, citing *White v. Std. Oil Co.*, 16 Ohio App.3d 21, 474 N.E.2d 366 (9th Dist.1984).

{¶8} Wozniak failed to present any evidence of the unlawfulness of his arrest and spends an inordinate portion of his briefing discussing the admissibility of a no contest plea in a civil proceeding. We must summarily dispose of that portion of Wozniak's claim. The trial court specifically noted in its final judgment entry that the court did not consider the no contest plea as substantive evidence. The record simply does not support Wozniak's arguments as advanced.

{¶9} In support of his claim that the arrest was unlawful, Wozniak presented his own testimony via affidavit. Wozniak's only claim of exculpatory evidence was presented in the form of self-serving statements providing his "reasonable explanation" for trespassing in the apartments. Other than noting the obvious, most criminals can articulate a "reasonable explanation" for their criminal conduct, Wozniak's statements conceded his presence in the occupied and unoccupied apartments, for which he had to open doors to gain access. He merely claimed he possessed the privilege to be present in the apartments because the units appeared to be unoccupied and the "standard procedure" of Fedor Manor forced tenants to search for service personnel around the building.

{¶10} As we have previously stated, "In dealing with a false arrest allegation, 'knowledge of the precise crime committed is not necessary to a finding of probable

cause provided that probable cause exists showing that a crime was committed by the defendants.'" *Meredith v. Cleveland Hts. Police Dept.*, 8th Dist. Cuyahoga No. 93436, 2010-Ohio-2472, ¶ 34, quoting *United States v. Anderson*, 923 F.2d 450, 457 (6th Cir.1991). For the purposes of determining the merits of a false arrest claim, the focus is not whether the plaintiff can demonstrate insufficient or conflicting evidence detailing the state's inability to prove all elements of the crime. *Id.* The focus is on the evidence establishing the probable cause for arrest. The proper inquiry determines whether the facts known to the arresting officer, at the time of the arrest, were sufficient to cause a reasonable person to believe that an offense had been committed. *Id.* at ¶ 32, citing *Beck v. Ohio*, 379 U.S. 89, 96, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

{¶11} In this case, Wozniak violated Lakewood Codified Ordinance 541.05, which provides in pertinent part that "[n]o person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another" by entering closed occupied and unoccupied apartments within Fedor Manor. The C&M Haven Defendants reported Wozniak's trespass to the Lakewood Defendants, who in turn investigated the matter and initiated a criminal complaint in the municipal court. Wozniak admitted to his presence in the apartments, to opening doors to gain access, and to the fact that one apartment was occupied. In short, Wozniak conceded he knowingly entered the premises of another.

{¶12} Wozniak's only claim of privilege to enter the apartments was that the C&M Haven Defendants required him to search for a contractor himself. Even if true, the

state's ability to convict Wozniak of criminal trespass is irrelevant to determining the lawfulness of his arrest. According to what the Lakewood Defendants determined before issuing the warrants for his arrest, Wozniak trespassed in violation of Lakewood Codified Ordinance 541.05. Wozniak only ever challenged the city's ability to prosecute that crime by asserting the city would not be able to prove Wozniak lacked the privilege to enter the private apartment units. Whether the city could have proven beyond a reasonable doubt that Wozniak lacked the privilege to remain in the apartment units is irrelevant to the determination of the lawfulness of Wozniak's arrest. *Meredith*, 8th Dist. Cuyahoga No. 93436, 2010-Ohio-2472, ¶ 32.

{¶13} In support of his privilege claim, Wozniak argues that the trial court erred pursuant to the Sixth Circuit's decision in *Logsdon v. Hains*, 492 F.3d 334 (6th Cir.2007), in which the Sixth Circuit held that a false arrest claim was properly pleaded in light of the allegation that the police officers failed to explore exculpatory evidence provided by witnesses prior to arresting the plaintiff. The Sixth Circuit's decision has no bearing on the facts and procedural posture of the current case. In *Logsdon*, the false arrest claim was predicated on a warrantless arrest and the question presented was whether the plaintiff stated a claim for the purposes of overcoming a motion to dismiss. In the current case, the Lakewood Defendants sought and received a warrant to arrest Wozniak, and the trial court reviewed the merits of his claim upon a motion for summary judgment. The *Logsdon* analysis is simply inapplicable. His assignments of error regarding the propriety of the trial court's disposition of his false arrest claim are overruled.

**{¶14}** Upon review of the entire record and the arguments advanced in support of Wozniak's claims, we find there is no genuine issue of material fact regarding the lawfulness of his arrest. Wozniak's reasonable explanation for trespassing addressed the state's ability to convict Wozniak, but did not create a genuine issue of material fact for the purposes of overruling the Defendants' motion for summary judgment. It is undisputed that the Lakewood Defendants reasonably believed an offense was committed prior to arresting Wozniak. The trial court did not err in granting summary judgment in favor of all the defendants upon all claims.

**{¶15}** The judgment of the trial court is affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., CONCURS;
MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY