OPINION
{¶ 1} Robert E. Canady, Jr., plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court granted the motion to dismiss filed by Charles B. May, D.O., defendant-appellee, and rendered moot the motions to dismiss filed by Robert D. Fitch, M.D., John Chuang, T.M.D., Henry D. Rocco, M.D., and *Page 2 
Ronald Taylor, M.D., defendants-appellees. Fitch and Chuang have filed a motion to dismiss appellant's present appeal for lack of a final, appealable order.
 {¶ 2} Appellant injured his knee and hip in a work-related injury in October 2005. Thereafter, appellant sought medical treatment from appellees. On July 19, 2007, appellant filed a complaint against appellees. Appellant did not file an affidavit of merit with his complaint, as required by Civ. R. 10(D)(2)(a), and did not file a motion for an extension of time to file the affidavit, as allowed by Civ. R. 10(D)(2)(b).
 {¶ 3} On various dates in August 2007, all of the appellees filed motions to dismiss, pursuant to Civ. R. 12(B)(6), based upon appellant's failure to comply with Civ. R. 10(D)(2). Although appellant responded to the motions by claiming Civ. R. 10(D)(2) did not apply to his claims because they were for "medical negligence" and not "medical malpractice," he never filed an affidavit of merit and did not seek to demonstrate good cause for an extension to file an affidavit.
 {¶ 4} On October 30, 2007, the trial court dismissed appellant's complaint, as it pertained to all appellees, for failure to comply with Civ. R. 10(D)(2), and concluded that appellant's complaint sounded in medical malpractice. Appellant has appealed the judgment of the trial court. Fitch and Chuang have filed a motion to dismiss appellant's appeal. Appellant asserts the following assignments of error:
 [I.] THE COURT ABUSED ITS' [sic] DISCRETION IN IT'S [sic] DISMISSAL, FINDING THAT CIVIL RULE 10 (D) (2) W[AS] APPLICABLE TO APPELLANT'S CLAIMS OF NEGLIGENCE IN THE COMPLAINT.
 [II] THE TRIAL COURT DISMISSAL VIOLATED APPELLANT'S DUE PROCESS RIGHT UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND PREJUDICED APPELLANT BY FAILURE OF THE TRIAL *Page 3 
COURT TO GIVE NOTICE OF IT'S [sic] DISMISSAL UNLESS COMPLIANCE WITH CIV. R. 10 (D) (2) (a).
 {¶ 5} We must first address Fitch and Chuang's motion to dismiss, to which appellant has filed no response. Fitch and Chuang argue that the trial court's judgment does not constitute a final, appealable order because dismissals based upon Civ. R. 10(D)(2) are "otherwise than on the merits." We agree. Civ. R. 10(D)(2) provides, in pertinent part:
 (2) Affidavit of merit; medical liability claim.
 (a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in section 2305.113 of the Revised Code, shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. * * *
 * * *
 (b) The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. For good cause shown and in accordance with division (c) of this rule, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit, not to exceed ninety days, except the time may be extended beyond ninety days if the court determines that a defendant or non-party has failed to cooperate with discovery or that other circumstances warrant extension.
 * * *
 (d) * * * Any dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits. *Page 4 
 {¶ 6} R.C. 2505.02 defines a final order for purposes of appeal. Under R.C. 2505.02(B)(1), an order is a "final order" that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it affects a substantial right in an action that in effect determines the action and prevents a judgment. A "substantial right" is a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect. R.C. 2505.02(A)(1).
 {¶ 7} To be final, the order must also determine an action and prevent a judgment. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 88, citing Gen. Elec. Supply Co. v. Warden Elec, Inc. (1988),38 Ohio St.3d 378, syllabus; R.C. 2505.02(B)(1). For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court. Hamilton Cty. Bd. of Mental Retardation DevelopmentalDisabilities v. Professionals Guild of Ohio (1989), 46 Ohio St.3d 147,153.
 {¶ 8} Pursuant to the explicit language of Civ. R. 10(D)(2)(d), any dismissal, pursuant to Civ. R. 10(D)(2), operates as a failure otherwise than on the merits. This language was added to Civ. R. 10(D)(2)(d), pursuant to amendment effective July 1, 2007, which was before appellant filed his complaint in the present case. Ordinarily, a dismissal "otherwise than on the merits" does not prevent a party from refiling and, therefore, such a dismissal is not a final, appealable order.Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.,114 Ohio St.3d 82, 2007-Ohio-2942, at ¶ 8. A dismissal "otherwise than on the merits" does not prevent a party from refiling because an action that fails *Page 5 
otherwise than on the merits may be refiled within one year under R.C. 2305.19, the "savings statute." R.C. 2305.19(A) provides:
 In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.
Therefore, because the trial court's dismissal of appellant's complaint was "otherwise than on the merits," pursuant to the explicit language in Civ. R. 10(D)(2)(d), appellant could refile his claims within one year of their dismissal or file them within their applicable statutes of limitations. Because appellant was not prevented from refiling, the dismissal is not a final, appealable order. See Natl. City CommercialCapital Corp., supra, and Johnson v. HM Auto Serv., Franklin App. No. 07AP-123, 2007-Ohio-5794, at ¶ 9 (because appellant's claims failed otherwise than upon the merits, appellant could either refile her claims within one year of their dismissal or file them within their applicable statutes of limitations; thus, the trial court's judgment dismissing the claims was not a final appealable order).
 {¶ 9} We also note that, despite his claims to the contrary, the gist of appellant's complaint in the present case was medical malpractice requiring expert medical testimony. Appellant's complaint clearly "contains a medical claim," which brings it under the purview of Civ. R. 10(D)(2)(a). Pursuant to R.C. 2305.113(E)(3), a "medical claim" is any claim that is asserted in any civil action against a physician that arises out of the *Page 6 
medical diagnosis, care, or treatment of any person. In his complaint, appellant alleges that the claims against appellees, all physicians, regard "medical negligence diagnosis and treatment." Although appellant tries to frame the complaint as sounding also in negligence (e.g., appellees owed him a duty to refer him to a specialist) and fraud (e.g., appellees gave him a false representation of his condition) the underlying nature of all of the claims clearly relate to the medical treatment and diagnosis rendered by appellees. Thus, appellant was required to comply with Civ. R. 10(D)(2). Therefore, because the judgment appealed from was not a final, appealable order, we grant Fitch and Chuang's motion to dismiss. Because we grant the motion to dismiss, we do not reach appellant's assignments of error.
 {¶ 10} Accordingly, Fitch and Chuang's motion to dismiss is granted, and appellant's appeal is dismissed in its entirety, as it is not a final, appealable order.
Appeal dismissed.
 SADLER and TYACK, JJ., concur. *Page 1