[Cite as *Amos v. Van Aman*, 2019-Ohio-5324.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Diane Amos, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 19AP-164 (C.P.C. No. 18CV-7648) |
| Scott Van Aman, M.D. et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 24, 2019

**On brief:** *Donahey & Defossez*, *Mark E. Defossez* and *Curtis M. Fifner*, for appellee. **Argued:** *Curits M. Fifner*.

**On brief:** *Poling Law*, *Brant E. Poling* and *Sabrina S. Sellers*, for appellees. **Argued:** *Sabrina S. Sellers*.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Plaintiff-appellant, Diane Amos, appeals a judgment of the Franklin County Court of Common Pleas that dismissed her complaint against defendants-appellees, Scott Van Aman, M.D., and Orthopedic One, Inc. Because we lack jurisdiction, we dismiss this appeal.

{¶ 2} On September 12, 2018, Amos filed a complaint alleging that Van Aman performed surgery on toes on Amos' left foot without her consent. Amos further alleged that the surgery caused the affected toes to become disfigured and painful. According to Amos, by operating on her toes without consent, Van Aman committed battery. Alternatively, Amos asserted that Van Aman acted negligently by "fail[ing] to recall, prior

to or during the subject surgery, that he was never given consent to perform surgery on certain of plaintiff's left toes." (Compl. at ¶ 7.) Amos sought to hold Orthopedic One vicariously liable for the torts Van Aman allegedly committed.

{¶ 3} Defendants answered the complaint and then moved for judgment on the pleadings pursuant to Civ.R. 12(C). In their motion, defendants argued for dismissal because Amos failed to comply with Civ.R. 10(D)(2), which requires a plaintiff to file with the complaint an affidavit of merit or a motion for an extension of time in which to file an affidavit of merit in certain types of cases. Amos responded that no such affidavit was necessary. On February 21, 2019, the trial court issued a judgment and entry granting defendants' motion and dismissing Amos' complaint without prejudice.

{¶ 4} Amos now appeals the February 21, 2019 judgment, and she assigns the following error:

> The Trial Court erred when it granted Defendants-Appellees'motion [sic] for Judgment on the Pleadings when it held that an issue capable of understanding by lay persons required expert testimony.

{¶ 5} At oral argument, appellees asserted that this court lacks subject-matter jurisdiction to hear this appeal because the February 21, 2019 judgment is not a final, appealable order. Article IV, Section 3(B)(2) of the Ohio Constitution establishes that courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." If the appealed judgment does not constitute a final, appealable order, an appellate court lacks jurisdiction to review it. *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶ 14. Consequently, in the absence of a final, appealable order, an appellate court must dismiss the appeal. *Browder v. Shea*, 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 11.

{¶ 6} A dismissal for failure to comply with Civ.R. 10(D)(2) "operate[s] as a failure otherwise than on the merits." Civ.R. 10(D)(2)(d). Therefore, when a dismissal is entered because no affidavit of merit accompanies the complaint, it is a dismissal without prejudice. *Fletcher v. Univ. Hosps.*, 120 Ohio St.3d 167, 2008-Ohio-5379, paragraph two of the syllabus. Here, the trial court followed Civ.R. 10(D)(2)(d) and expressly stated in the February 21, 2019 judgment that the dismissal was without prejudice.

{¶ 7}  "Ordinarily, a dismissal 'otherwise than on the merits' does not prevent a party from refiling and, therefore, ordinarily, such a dismissal is not a final, appealable order."  *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, ¶ 8.  Because dismissals for failure to comply with Civ.R. 10(D)(2) are "otherwise than on the merits," they generally are not final, appealable orders.  *Straquadine v. Crowne Points Care Ctr.*, 10th Dist. No. 10AP-607, 2012-Ohio-1152, ¶ 9; *Canady v. Taylor*, 10th Dist. No. 07AP-982, 2008-Ohio-2801, ¶ 8.  However, if a party cannot refile his or her claim despite it being dismissed without prejudice, a dismissal is a final, appealable order.  *White v. Unknown*, 10th Dist. No. 09AP-1120, 2010-Ohio-3031, ¶ 6.

{¶ 8}  Thus, whether the February 21, 2019 judgment is a final, appealable order turns upon whether Amos can refile her action against defendants.  Only the applicable statute of limitations could potentially bar Amos from refiling.  Therefore, we must determine what statute of limitations applies to Amos' claims.

{¶ 9}  R.C. 2305.113(A) sets forth a one-year statute of limitations for "medical claims."  Pursuant to R.C. 2305.113(E)(3), a "[m]edical claim" is "any claim that is asserted in any civil action against a physician [or] * * * hospital * * *, and that arises out of the medical diagnosis, care, or treatment of any person."  Here, Amos' claims for battery and negligence arose out of injuries she allegedly sustained when Van Aman performed surgery on toes on her left foot without her consent.  Because the alleged torts occurred during surgery, they arose out of medical treatment and, thus, constitute medical claims.  *See Crissinger v. Christ Hosp.*, 1st Dist. No. C-150796, 2017-Ohio-9256, ¶ 17-19 (claims for negligence and battery, among other claims, were medical claims because they arose from allegedly unnecessary, improperly performed surgery).  Consequently, Amos had one year in which to commence her claims after they accrued.

{¶ 10}  According to the complaint, Van Aman performed the surgery on Amos' toes on September 12, 2017.  Amos timely filed suit on September 12, 2018.  While the statute of limitations has now expired, that does not impede refiling.  R.C. 2305.19(A), known as the savings statute, provides a party with one year to refile a claim that has been dismissed otherwise than on the merits, even though the claim would be time-barred under the statute of limitations.  *Thompson v. Ohio State Univ. Hosps.*, 10th Dist. No. 06AP-1117, 2007-Ohio-4668, ¶ 22.  According to R.C. 2305.19(A):

> [i]n any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

{¶ 11} Amos, therefore, may still refile her claims. Accordingly, we conclude that the February 21, 2019 judgment is not a final, appealable order, and we dismiss this appeal. Because our decision is jurisdictional, it should not be construed as ruling in any way on whether, under the facts as alleged in Amos' complaint, expert testimony is or is not necessary to establish liability.

*Appeal dismissed.*

LUPER SCHUSTER and NELSON, JJ., concur.

———————————