[Cite as *Tennant v. Huntington Natl. Bank*, 2020-Ohio-4063.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| MICHAEL TENNANT, ET AL., | : | |
| Plaintiffs-Appellants, | : | No. 108993 |
| v. | : | |
| HUNTINGTON NATIONAL BANK, | : | |
| Defendant-Appellee. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** August 13, 2020

---

Civil Appeal from the Garfield Heights Municipal Court
Small Claims Division
Case No. CVI 1901160

---

### *Appearances:*

Milton A. Kramer Law Clinic and Andrew S. Pollis, *for appellants*.

Giffen & Kaminski, L.L.C., Melissa A. Laubenthal, and In Son J. Loving, *for appellee*.

SEAN C. GALLAGHER, P.J.:

{¶ 1} Plaintiffs-appellants Michael Tennant and Jeannette Tennant ("appellants") appeal the decision of the Garfield Heights Municipal Court, Small Claims Division, to dismiss their complaint upon finding the action is time-barred

by the one-year statute of limitations under the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. 1693m(g).  Upon review, we reverse the decision of the trial court to dismiss the complaint and we remand the action.

**Background**

{¶ 2}  On April 4, 2019, appellants, acting pro se, filed a small-claims complaint against defendant-appellee the Huntington National Bank ("Huntington"), in which they made the following allegations:

> During the date of the incident [occurring from December 5, 2017, to December 20, 2017], $7,991.24 was stolen from our Bank Acct * * *. Bank via cell, msg 16 days later, as date we called and cancelled card. We contend they had a duty to freeze/stop the debit card transactions, the first time they stopped the first suspicious unauthorized activity in the amount of $1,870.03 @ the USPS on 06 Dec., 17.  They had obligation on calling the telephone. Hard time.  Suspicious unauthorized were $6,200.00 transfer funds.  Did not provide provisional credit.  Demanding refund under FDIC.

Appellants set forth an amount claimed of $6,000.00 in the complaint.

{¶ 3}  The case was scheduled for bench trial on May 7, 2019, but Huntington filed a motion for continuance that was granted.  Appellants filed a motion requesting default judgment and other related motions that were denied. The case proceeded to trial on June 19, 2019.

{¶ 4}  Before trial began, Huntington made an oral motion to dismiss pursuant to Civ.R. 12(B)(6) on the grounds that appellants' claim is time-barred by the one-year statute of limitations under the EFTA, 15 U.S.C. 1693m(g).  The magistrate heard from both parties and held ruling on the motion in abeyance.  The

magistrate proceeded with the trial, during which testimony was presented and evidence was submitted.

{¶ 5} On July 25, 2019, the magistrate issued a decision granting Huntington's motion to dismiss pursuant to Civ.R. 12(B)(6). The magistrate found that the complaint is time-barred and stated as follows:

> The Electronic Funds Transfer Act governs disputes involving unauthorized debit card transactions. Said Act has a clear one-year statute of limitations. See 15 U.S.C. Section 1693m(g). Plaintiffs' Complaint was sworn to, signed, and filed with this Court on 4/4/2019. Said Complaint states: 1) the unauthorized transactions occurred from 12/5/2017 through 12/20/2017; 2) the Plaintiffs were made aware of the alleged violations by text 16 days later; and 3) on that date the Plaintiffs called and cancelled the card. Thus, the Court finds that the Plaintiffs' Complaint on its face conclusively shows that said Complaint is time-barred as it was filed more than one year after the alleged violations occurred and the Plaintiffs were aware of the same.

Additionally, the magistrate declined to apply the federal doctrine of equitable tolling and found the state tolling statute, R.C. 2305.16, does not apply. The magistrate's decision included the following notice language: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law contained in the decision unless the party timely and specifically objects to that finding or conclusion."

{¶ 6} Appellants filed objections to the magistrate's decision. On September 11, 2019, the trial court overruled the objections, adopted the magistrate's decision, entered judgment in favor of Huntington, and dismissed the case with prejudice. Appellants timely appealed.

**Law and Analysis**

{¶ 7} Under their sole assignment of error, appellants claim the trial court erred in dismissing the complaint based on the one-year statute of limitations under the EFTA.

{¶ 8} Initially, we recognize that Huntington made its oral motion to dismiss the complaint pursuant to Civ.R. 12(B)(6) at the time of trial and that the trial court ruled on the motion pursuant to Civ.R. 12(B)(6).[1] Because the motion to dismiss was filed after the pleadings had closed, we must review the ruling as a motion for judgment on the pleadings pursuant to Civ.R. 12(C). *State ex rel. Mancino v. Tuscarawas Cty. Court of Common Pleas*, 151 Ohio St.3d 35, 2017-Ohio-7528, 85 N.E.3d 713, ¶ 8, fn. 2, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569, 1996-Ohio-459, 664 N.E.2d 931, quoting *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 99, 616 N.E.2d 519 (8th Dist.1992) ("'[A] motion to dismiss filed after the pleadings have closed * * * is appropriately considered a motion for judgment on the pleadings pursuant to Civ.R. 12(C)'"). Nevertheless, the standard in ruling on a Civ.R. 12(C) motion for judgment on the

---

[1] Pursuant to Civ.R. 12(B), a motion to dismiss based upon a failure to state a claim for relief "shall be made before pleading if a further pleading is permitted." Civ.R. 12(C) provides for a motion for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Although Civ.R. 12(D) requires that a motion made pursuant to Civ.R. 12(B)(1)-(7) or Civ.R. 12(C) "shall be heard and determined before trial on application of any party[,]" the rule "merely allows either party to demand a pretrial determination * * * which could be dispositive of the cause." *First Bank of Marietta v. Cline*, 12 Ohio St.3d 317, 318, 466 N.E.2d 567 (1984). Also, this is not a case in which a Civ.R. 12(B)(6) motion was treated as a motion for summary judgment and disposed of as provided in Civ.R. 56.

pleadings is similar to the standard in ruling on a Civ.R. 12(B)(6) motion, and the distinction in what the court considers is not all that important in this case because the parties focused their arguments on the complaint. *See Shingler v. Provider Servs. Holdings, L.L.C.*, 8th Dist. Cuyahoga No. 106383, 2018-Ohio-2740, ¶ 17, fn. 6.

{¶ 9} A trial court's decision to grant a dismissal under Civ.R. 12(C) is reviewed de novo. *State ex rel. Mancino* at ¶ 8, citing *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12. A Civ.R. 12(C) motion for judgment on the pleadings presents only questions of law, and a determination of the motion is restricted solely to the allegations in the pleadings. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166, 297 N.E.2d 113 (1973). "Dismissal under Civ.R. 12(C) is appropriate when there are no material disputes of fact and the court determines, construing all material allegations in the complaint as true, that the plaintiff * * * can prove no set of facts that would entitle him or her to relief." *State ex rel. Mancino* at ¶ 8, citing *State ex rel. Midwest Pride IV, Inc.* at 570.

{¶ 10} Appellants make several arguments in support of their claim that the trial court erred in dismissing the complaint. First, appellants, who were pro se litigants in the trial court proceedings, acknowledge they filed their action too late to invoke the EFTA; however, they argue the allegations in their complaint also support claims under state contract and tort theories, including breach of contract, negligence, and conversion, which they claim are not time-barred. Second,

appellants argue that pursuant to 15 U.S.C. 1693q, the state-law claims are not preempted by the EFTA because state law affords greater protection than the protection afforded by the EFTA. Third, appellants argue they had no obligation to state their legal theories for recovery in their complaint, they pleaded a claim for relief in compliance with Civ.R. 8(A), and small-claims cases involve liberal pleading practices. Fourth, appellants argue that although they did not specify the state-law claims or the state statutes of limitations in their objections to the magistrate's decision, reversal is still warranted under a plain-error review because the trial court narrowly construed the complaint as stating a claim only under the EFTA.

{¶ 11} In response, Huntington asserts that the trial court properly applied the one-year statute of limitations set forth in the EFTA and that appellants are barred from offering alternative theories of recovery. Huntington states that in response to the oral motion to dismiss, appellants did not dispute application of the EFTA and argued the statute of limitations was tolled. Huntington argues that appellants proceeded as if the EFTA governed their claims, that the one-year statute of limitations under the EFTA applied, and that at no time did appellants claim they were asserting any state-law claims or assert the EFTA did not preempt any state-law claims. Huntington argues Civ.R. 53 applies to litigants in small-claims proceedings and the plain-error doctrine should not be applied in this matter. Huntington further maintains the assigned error is otherwise without merit.

{¶ 12} R.C. 1925.16 provides that the rules of civil procedure are applicable in the small claims division of a municipal court "[e]xcept as inconsistent procedures

are provided in [R.C. Chapter 1925] or in rules of court adopted in furtherance of the purposes of [R.C. Chapter 1925.]" Civ.R. 1(C)(4) provides that the rules of civil procedure "to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * in small claims matters under Chapter 1925 of the Revised Code * * *." It has been determined that Civ.R. 12(B)(6) is not inconsistent with R.C. Chapter 1925, and the rule has been found to apply in small-claims actions. *Fleming v. Whitaker*, 5th Dist. Knox No. 12-CA-19, 2013-Ohio-2418, ¶ 17; *Folck v. Khanzada*, 2d Dist. Clark No. 2012-CA-18, 2012-Ohio-4971, ¶ 8, fn. 1. Similarly, we see no reason why Civ.R. 12(C) would be clearly inapplicable in small-claims actions and do not find it to be inconsistent with R.C. Chapter 1925. Small-claims actions also are subject to the requirements of Civ.R. 53. *Watson v. Chapman-Bowen*, 8th Dist. Cuyahoga No. 101295, 2014-Ohio-5288, ¶ 15. Also, Loc.R. 51 of the Garfield Heights Municipal Court requires objections to a magistrate's decision to be in conformity with Civ.R. 53.

{¶ 13} Civ.R. 53(D)(3)(b)(iv) provides: "Except for a claim of plain error, a party shall not assign on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." An objection to a magistrate's decision is required to be "specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii).

{¶ 14} It is undisputed that appellants did not raise a specific objection relating to state-law claims. Appellants concede that they objected to the

magistrate's decision on grounds different from those asserted on appeal, but claim plain error applies. The doctrine of plain error is limited to those "extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a materially adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 1997-Ohio-401, 679 N.E.2d 1099.

{¶ 15} Appellants argue that pleadings are kept to a minimum in small-claims court and their complaint does not conclusively show that the action is time-barred because the allegations support state-law contract and tort claims that are not preempted by the EFTA. Pursuant to Civ.R. 8(A), a complaint is only required to contain "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." There is no requirement for a party to plead the legal theory of recovery, and it is sufficient for the pleader to set forth facts which, if proven, establish their claim for relief. *Illinois Controls v. Langham*, 70 Ohio St.3d 512, 526, 1994-Ohio-99, 639 N.E.2d 771. "'The rules make clear that a pleader is not bound by any particular theory of a claim but the facts of the claim as developed by the proof establish the right to relief.'" *Id.*, quoting McCormac, *Ohio Civil Rules Practice 102*, Section 5.01 (2d Ed.1992); *see also NZR Retail of Toledo, Inc. v. Beck Suppliers, Inc.*, 6th Dist. Lucas No. L-15-1179, 2016-Ohio-3205, ¶ 17-18; *Donovan v. Omega*

*World Travel,* 8th Dist. Cuyahoga No. 68251, 1995 Ohio App. LEXIS 4448, 6 (Oct. 5, 1995).

**{¶ 16}** Furthermore, the determination of a motion for judgment on the pleadings is restricted to the allegations in the pleadings and appellants were entitled to have all the material allegations in the complaint, with all reasonable inferences drawn therefrom, construed in their favor. *Peterson,* 34 Ohio St.2d at 165-166, 297 N.E.2d 113. "[A] plaintiff is not required to prove his or her case at the pleading stage. * * * [A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol,* 60 Ohio St.3d 143, 144-145, 573 N.E.2d 1063 (1991).

**{¶ 17}** In this matter, the magistrate's decision was limited to determining that the action was time-barred based upon the one-year statute of limitations under the EFTA. A complaint may be dismissed as untimely "only when, after accepting the factual allegations as true and making all reasonable inferences in favor of the plaintiff, the complaint shows conclusively on its face that the action is time-barred." *Schmitz v. NCAA,* 155 Ohio St.3d 389, 2018-Ohio-4391, 122 N.E.3d 80, ¶ 11, citing *Maitland v. Ford Motor Co.,* 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, ¶ 11, and *Velotta v. Leo Petronzio Landscaping, Inc.,* 69 Ohio St.2d 376, 379, 433 N.E.2d 147 (1982). We find that the complaint contains allegations of fact that, if proven, support actionable claims under state law. Moreover, construing all

material allegations in the complaint as true, it cannot be said that appellants can prove no set of facts that would entitle them to relief.

{¶ 18} We recognize Huntington's oral motion to dismiss focused on the statute of limitations set forth in the EFTA and appellants did not present objections pertaining to state-law claims to the trial court. Consequently, it is understandable why the trial court never examined the small-claims complaint to determine whether the allegations supported any state-law claims. The trial court adopted the magistrate's decision, granted judgment in favor of Huntington, and dismissed the action.

{¶ 19} Nonetheless, we are compelled to find Huntington's motion to dismiss should have been denied. Accepting the factual allegations as true and making all reasonable inferences in favor of appellants, the complaint can be read to have pled actionable state-law claims, which are not subject to the statute of limitations set forth under the EFTA. Thus, even though the trial court properly determined that a claim under the EFTA is time-barred, the trial court committed plain error in granting Huntington's motion and dismissing the complaint. *See Straka v. Fisler*, 8th Dist. Cuyahoga No. 88005, 2007-Ohio-981, ¶ 10 (finding the trial court's application of the wrong limitations period constituted plain error).

{¶ 20} We find this case presents exceptional circumstances that require application of the plain-error doctrine. We decline to address the contract argument raised by Huntington that had not been addressed in the trial court. Appellants' assignment of error is sustained.

**{¶ 21}** Judgment reversed.  Case remanded.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
RAYMOND C. HEADEN, J., CONCUR