[Cite as *Grand v. Cleveland Clinic Found.*, 2025-Ohio-4954.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

FRANK J. GRAND,                           :

    Plaintiff-Appellant,           :

                                            No. 114851

    v.                              :

CLEVELAND CLINIC FOUNDATION,   :
ET AL.,

    Defendants-Appellees.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** October 30, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-999692

---

### *Appearances:*

L. Bryan Carr, *for appellant.*

Bonezzi Switzer Polito & Perry Co., LPA, Brian F. Lange,
and Bret C. Perry, *for appellees.*

ANITA LASTER MAYS, J.:

{¶ 1} Plaintiff-appellant Frank J. Grand ("Grand") appeals the trial court's dismissal without prejudice of his lawsuit against defendants-appellees Cleveland Clinic Foundation ("CCF"), Hillcrest Hospital ("Hillcrest"), Cleveland Clinic Health

System ("CCF HS"), and Cleveland Clinic Health System - East Region ("CCF ER") (collectively "appellees").

{¶ 2} Grand contends the lawsuit is based on appellees' negligence, but the trial court construed the case to be a medical claim as defined under R.C. 2305.113(E)(3). Due to the trial court's interpretation, the complaint was dismissed without prejudice for failure to file an affidavit of merit in the case as required by Civ.R. 10(D)(2)(a) and (d). An affidavit of merit is required to "'establish the adequacy of the complaint.'" *Fletcher v. Univ. Hosps. of Cleveland*, 2008-Ohio-5379, quoting current Civ.R. 10(D)(2)(d).

{¶ 3} The case is dismissed for lack of a final appealable order.

**Background and Facts**

{¶ 4} On June 27, 2024, Grand filed a complaint against appellees that Grand describes on appeal as a negligence case arising from injuries sustained during Grand's visit to the emergency room at Hillcrest. Despite being identified as a fall risk, Grand sustained significant head injuries when he fell from the emergency room bed while being permitted to sit up to urinate without supervision. On July 25, 2024, appellees filed an answer to the complaint.

{¶ 5} On October 7, 2024, appellees filed a motion for judgment on the pleadings for failure to file an affidavit of merit pursuant to Civ.R. 10(D)(2)(a), alleging that Grand's complaint was a medical claim under Ohio law and was not

based in negligence as Grand contended.[1]  On November 8, 2024, Grand opposed the motion.  Grand claimed first that appellees waived the right to request dismissal pursuant to Civ.R. 10(D)(2)(d) by failing to follow the proper procedure.  Second, Grand argued that no affidavit of merit was required because the claim was non-medical and based on simple negligence.  On November 15, 2024, appellees replied, denying Grand's position and maintaining it was based on misinterpretations of case law.

{¶ 6}  On December 2, 2024, the trial court held the motion for judgment on the pleadings in abeyance and granted leave through February 4, 2025, for Grand to submit the affidavit of merit or possibly face dismissal.

> The court finds that plaintiff's claims require the support of an affidavit of merit under Civ.R. 10. *At issue, at least in part, is the question of whether a determination should have been made that plaintiff was a fall risk. This renders the issue a medical claim for the purposes of Civ.R. 10.*

 (Emphasis added.)  Journal Entry No. 189309295 (Dec. 2, 2024).

{¶ 7}  On January 6, 2025, the trial court denied Grand's motion to reconsider the trial court's ruling on appellees' motion for judgment on the pleadings, to review Grand's medical records in camera or under seal, and to award attorney fees.  The trial court also denied Grand's motion to reconsider the trial court's ruling on appellees' motion to stay discovery, and for attorney fees.

{¶ 8}  On February 12, 2025, the trial court entered the judgment on appeal:

---

[1] Condensed, R.C. 2305.113(E)(3) lists the categories of medical providers included in the definition of medical claim and defines it as a civil action claim that arises out of the medical diagnosis, care, or treatment of any person.

This court's journal entry of 12/2/2024 ordered plaintiff to file an affidavit of merit by 2/4/2025. Plaintiff has failed to comply. Pursuant to Civ.R. 10(D) and for failure to comply with the order of this court, this matter is hereby dismissed without prejudice. It is so ordered.

{¶ 9} Grand timely appeals.

**Motion to Dismiss**

{¶ 10} On March 11, 2025, appellees filed a motion to dismiss the instant appeal. Appellees argue that this court lacks jurisdiction because the dismissal without prejudice of the complaint for failure to file an affidavit of merit pursuant to Civ.R. 10(D)(2) is not a final appealable order under R.C. 2505.02, Ohio Const., art. IV, § 3(B)(2), and well-settled law. *State ex rel. DeDonno v. Mason*, 2011-Ohio-1445, ¶ 2, citing *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 2007-Ohio-2942, and *Century Bus. Servs., Inc. v. Bryant*, 2002-Ohio-2967 (8th Dist.) (A dismissal without prejudice does not "determine the action" or "prevent a judgment" and therefore is not a final appealable order under R.C. 2505.02(B)(1).); *Lakeview Holding (OH), LLC v Farmer*, 2020-Ohio-3891, ¶ 18 (8th Dist.) (A dismissal without prejudice "is not a final, appealable order" because a party may refile.).

{¶ 11} Grand counters that appellees' use of a motion for judgment on the pleadings to challenge the affidavit of merit is an improper vehicle to seek a Civ.R. 10(D)(2) dismissal. Grand adds that the case does not involve "a dismissal merely for not filing a merit affidavit" under Civ.R. 10(D)(2) but rather that the trial

court's order reflects that it made a decision on the merits so that the order is final and appealable.

> Moreover, the Trial Court did not dismiss Appellant's case because no affidavit of merit was filed. In fact, due to Appellees' failure to follow proper procedure (*infra*) the Trial Court granted a "Motion for Judgment on the Pleadings" and found: "At issue, at least in part, is the question of whether a determination should have been made that [Grand] was a fall risk. This renders the issue a medical claim [for the purposes of Civ.R. 10.]" Clearly, the Trial Court reached [the] merits of the case, in deciding an affidavit of merit was required.

Appellant's Brief in Opposition to Motion to Dismiss Appeal, p. 1, Mar. 19, 2025.

{¶ 12} The matter was referred to the merit panel in this case:

> Whether an affidavit of merit is necessary requires a determination of whether the claim asserted by the appellant is in fact a medical claim subject to the Civ.R. 10 affidavit requirement. *See Wagers v. Kettering Aff. Health Serv.*, 2020-Ohio-11 (2d Dist.); *Horn v. Cherian*, 2023-Ohio-931, ¶ 27-41 (8th Dist.) If the affidavit is found to be necessary, then the appeal may be dismissed by the panel for lack of a final appealable order.

Motion No. 582647 (Mar. 25, 2025).

{¶ 13} Civ.R. 10(D)(2) provides:

Rule 10. Form of pleadings

. . .

(D) Attachments to pleadings.

. . .

(2) *Affidavit of merit; medical*, dental, optometric, and chiropractic liability claims.

(a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains *a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named*

*in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness meeting the requirements of Evid.R. 702 and, if applicable, also meeting the requirements of Evid.R. 601(B)(5). Affidavits of merit shall include all of the following:*

*(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;*

*(ii) A statement that the affiant is familiar with the applicable standard of care;*

*(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.*

*. . .*

(b) The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. For good cause shown and in accordance with division (c) of this rule, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit, not to exceed ninety days, except the time may be extended beyond ninety days if the court determines that a defendant or non-party has failed to cooperate with discovery or that other circumstances warrant extension.

(c) In determining whether good cause exists to extend the period of time to file an affidavit of merit, the court shall consider the following:

(i) A description of any information necessary in order to obtain an affidavit of merit;

(ii) Whether the information is in the possession or control of a defendant or third party;

(iii) The scope and type of discovery necessary to obtain the information;

(iv) What efforts, if any, were taken to obtain the information;

(v) Any other facts or circumstances relevant to the ability of the plaintiff to obtain an affidavit of merit.

(d) *An affidavit of merit is required to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment. Any dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits.*

(e) If an affidavit of merit as required by this rule has been filed as to any defendant along with the complaint or amended complaint in which claims are first asserted against that defendant, and the affidavit of merit is determined by the court to be defective pursuant to the provisions of division (D)(2)(a) of this rule, the court shall grant the plaintiff a reasonable time, not to exceed sixty days, to file an affidavit of merit intended to cure the defect.

(Emphasis added.) *Id.*

{¶ 14} Thus, contrary to Grand's arguments, Civ.R. 10(D)(2) specifies that the affidavit of merit is required to establish the adequacy of the complaint and that a dismissal for failure to comply with the rule operates as a failure "otherwise than on the merits." *Fletcher* at ¶ 2; current Civ.R. 10(D)(2)(a) and (d). "The dismissal, therefore, is without prejudice." *Id.* at ¶ 2; Civ.R. 10(D)(2)(d).

{¶ 15} *Fletcher* also held, as Grand advocates, that the "proper response" to challenge a failure to file an affidavit of merit is a motion to dismiss under Civ.R. 12(B)(6). *Id.* at ¶ 4. Grand asserts that appellees' filing of a Civ.R. 12(C) motion for judgment on the pleadings after appellees filed an answer and conducted discovery was not the proper procedural avenue.

{¶ 16} This court does not interpret *Fletcher* to direct that a Civ.R. 12(B)(6) motion is the exclusive avenue to challenge a failure to file a Civ.R. 10(D)(2) affidavit of merit. The *Fletcher* Court emphasized that "the sole issue" for that court's consideration [was] whether a plaintiff's failure to attach an affidavit of merit to a

complaint containing a medical claim subjects the complaint to dismissal under Civ.R. 12(B)(6)." *Id*. at ¶ 9.

{¶ 17} The "'main difference[s]' between a Civ.R. 12(B)(6) motion and Civ.R. 12(C) are (1) the timing of the motion and (2) what the court may consider when ruling on the motion." *Shingler v. Provider Servs. Holdings, L.L.C.*, 2018-Ohio-2740, ¶ 6 (8th Dist.), citing *Morgan Chase Bank, N.A. v. Belden Oak Furniture Outlet, Inc.*, 2010-Ohio-4444, ¶ 20-21.

{¶ 18} A Civ.R. 12(B)(6) motion to dismiss is generally filed prior to the answer and only the allegations of the complaint and attached exhibits may be considered by the trial court. *Id*. A Civ.R. 12(C) motion for judgment on the pleadings is filed after the close of the pleadings, and the court may consider the complaint, answer, and exhibits to those pleadings. *Id*., citing *Schmitt v. Educational Serv. Ctr*., 2012-Ohio-2210, ¶ 9 (8th Dist.).

{¶ 19} In fact, ""'a motion to dismiss filed after the pleadings have closed . . . is appropriately considered a motion for judgment on the pleadings pursuant to Civ.R. 12(C)."'" *Tennant v. Huntington Natl. Bank*, 2020-Ohio-4063, ¶ 8 (8th Dist.), quoting *Lin v. Gatehouse Constr. Co*., 84 Ohio App.3d 96, 99 (8th Dist. 1992). "Nevertheless, the standard in ruling on a Civ.R. 12(C) motion for judgment on the pleadings is similar to the standard in ruling on a Civ.R. 12(B)(6) motion," "and the distinction in what the court considers is not all that important in this case because the parties focused their arguments on the complaint." *Id., citing Shingler,* 2018-Ohio-2740, ¶ 17, fn. 6.

{¶ 20} Here, like in *Fletcher,* the inquiry is narrowly focused on whether the complaint presents a medical claim pursuant to R.C. 2305.113(E)(3), making an affidavit of merit pursuant to Civ.R. 10(D)(2)(a) mandatory, and subjecting the case to dismissal without prejudice pursuant to Civ.R. 10(D)(2)(d) for noncompliance. Whether the challenge is posed under Civ.R. 12(B)(6) or 12(C) is not pivotal here. *See Tennant* at ¶ 7, and *Shingler* at ¶ 17, fn. 6 (distinction in what court considered under Civ.R. 12(B)(6) or 12(C) was not important "because the parties focused their arguments on the complaint"). This is particularly true where Grand has failed to submit the affidavit with the complaint or afterward pursuant to the trial court's order, defending that it is not required.

{¶ 21} R.C. 2305.113 entitled "Limitation of actions for medical malpractice; statute of repose" defines a medical claim:

(E) As used in this section:

. . .

(3) "Medical claim" means any claim that is asserted in any civil action against a physician, podiatrist, *hospital*, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, *and that arises out of the medical diagnosis, care, or treatment of any person.* "Medical claim" includes the following:

(a) Derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person;

(b) Derivative claims for relief that arise from the plan of care prepared for a resident of a home . . . .

(Emphasis added.) R.C. 2305.113(E)(3).

{¶ 22} Grand identifies appellees in the complaint as "hospitals and/or medical corporations, and who held themselves out to the public, and specifically, to Plaintiff[-appellant], as provide[r]s of medical services." Complaint at ¶ 2. The complaint refers to acts or omissions performed by appellees' employees, servants, or agents within the scope of their express, implied, or apparent authority as agents of appellees. Complaint at ¶ 3-5; *id.*

{¶ 23} The complaint states that Grand was transported to Hillcrest's emergency room via ambulance in severe distress, was known to be a fall risk due to his condition, and was owed duties of care by appellees including to monitor, watch, and supervise Grand. Complaint at ¶ 7-9.

{¶ 24} Grand further claimed that

[a]s a direct and proximate result of the joint, combined and concurrent negligence of Defendants[-appellees], their agents and employees, Plaintiff suffered serious injuries and intense physical pain, required emergency and ongoing medical treatment, sustained emotional suffering, loss of enjoyment of life and incurred significant medical expenses, past, present and future.

Complaint at ¶ 11. Grand sought judgment against appellees jointly and severally, for compensatory, consequential, incidental, special, and medical damages, including costs, attorney fees, and other relief deemed appropriate.

{¶ 25} We determine that Grand's claims clearly fall within the definition of medical claim as defined in R.C. 2305.113(E)(3). The trial court's dismissal without

prejudice pursuant to Civ.R. 10(D)(2)(d) is not a final appealable order under R.C. 2505.02.

{¶ 26} The appeal is dismissed.

It is ordered that appellees recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)