[Cite as *Raza v. Dorner*, 2026-Ohio-2418.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Melissa M. Raza et al., | : | |
| Plaintiffs-Appellants, | : | |
| v. | : | No. 25AP-993<br>(C.P.C. No. 25CV-8301) |
| Brian K. Dorner, M.D., et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 25, 2026

**On brief:** *Melissa M. Raza* and *Mohammed Raza*, pro se.
**Argued:** *Melissa M. Raza* and *Mohammed Raza*.

**On brief:** *Poling*, *Brant E. Poling*, and *Cecelia B. Smith*, for
appellees. **Argued:** *Cecelia B. Smith*.

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Plaintiffs-appellants, Melissa M. Raza ("Melissa") and Mohammed Raza
("Mohammed") (collectively, "appellants"), pro se, appeal from a judgment of the Franklin
County Court of Common Pleas dismissing all claims without prejudice against defendants-
appellees Brian K. Dorner, M.D., and Dorner Plastic Surgery (collectively, "appellees"). For
the reasons that follow, we dismiss for lack of subject-matter jurisdiction.

**I. Facts and Procedural History**

{¶ 2} On September 25, 2026, Melissa filed a complaint in the Franklin County
Court of Common Pleas. In the complaint, she alleged that Dr. Dorner committed medical
malpractice arising from surgeries completed on Melissa in February and March 2025. The
complaint did not include an affidavit of merit. On October 8, 2025, Melissa filed a motion

requesting a 90-day extension to obtain an affidavit of merit. In her motion, Melissa stated she was "in the process of retaining a qualified medical expert to review the facts of this case and prepare an Affidavit of Merit."

{¶ 3} Seven days later, on October 15, 2025, Melissa filed an amended complaint that included her husband Mohammed Raza as an additional plaintiff and Dorner Plastic Surgery as an additional defendant. The amended complaint specifically pled various claims related to alleged medical malpractice, such as negligence, intentional infliction of emotional distress, and loss of consortium (specifically as to Mohammed). Like the initial complaint, the amended complaint also failed to include an affidavit of merit. Appellants did not file a motion for an extension of time to file the affidavit of merit for the amended complaint.

{¶ 4} Appellees filed their answer on October 23, 2025. Regarding the failure to include an affidavit of merit, on November 24, 2025, appellees filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). Appellees argued that since appellants had failed to include an affidavit of merit, as was required under Civ.R. 10(D)(2), the court should dismiss the case without prejudice.

{¶ 5} On December 17, 2025, the trial court granted the motion for judgment on the pleadings and dismissed the case "WITHOUT PREJUDICE." (Emphasis in original.)

{¶ 6} Appellants now timely appeal.

## II. Assignments of Error

{¶ 7} Appellants appeal and assign the following two assignments of error for our review:

> [I.] The trial court committed reversible error as a matter of law by dismissing Plaintiff-Appellant's medical claims based on an affidavit-of-merit timing requirement that does not exist under Ohio Civ.R. 10(D)(2).
>
> [II.] The trial court committed structural error by dismissing the action without ruling on a pending motion that controlled the procedural posture of the affidavit-of-merit issue.

## III. Discussion

{¶ 8} Before this court can reach appellants assignments of error, it is necessary to address jurisdiction. Civ.R. 10(D)(2) requires that a plaintiff include an affidavit of merit

with a medical-claim complaint. As the Supreme Court of Ohio noted, the purpose of Civ.R. 10(D)(2) "is to deter the filing of frivolous medical-malpractice claims." *Fletcher v. Univ. Hosps. of Cleveland*, 2008-Ohio-5379, ¶ 10. Civ.R. 10(D)(2)(d) states that an "affidavit of merit is required to establish the adequacy of the complaint." Dismissal for failure to comply with the rule "shall operate as a failure otherwise than on the merits." Civ.R. 10(D)(2)(d). Thus, dismissal is without prejudice. *See Troyer v. Janis*, 2012-Ohio-2406 (by operation of law, dismissal for failure to comply with Civ.R. 10(D)(2) is without prejudice).

{¶ 9} Specifically, Civ.R. 10(D)(2)(a) requires the affidavit of merit contain all of the following:

> (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
>
> (ii) A statement that the affiant is familiar with the applicable standard of care;
>
> (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

{¶ 10} Civ.R. 10(D)(2)(b) permits a plaintiff to file a motion to extend the period of time to file an affidavit of merit. Hypothetically, if a complaint would be otherwise time-barred by further delay, Civ.R. 10(D)(2)(b) allows a plaintiff to file the motion within the statute of limitations and seek up to 90 additional days to obtain an affidavit of merit. Such a motion must be "filed by the plaintiff with the complaint."

{¶ 11} Regarding jurisdiction, Ohio Constitution, Article IV, Section 3(B) vests courts of appeals with jurisdiction over various actions. Relevant to this appeal, Article IV, Section 3(B)(2) vests courts of appeals with jurisdiction to review final orders of inferior courts. What is a "final order" is defined by statute. R.C. 2505.02(B)(1) states that a final order that may be appealed is one that, among other things, affects a substantial right in an action that in effect determines the action and prevents a judgment. Generally, dismissals without prejudice do not determine an action unless they cannot be refiled. *See Harris v. Delong*, 2018-Ohio-2493 (10th Dist.); *Grand v. Cleveland Clinic Found.*, 2025-Ohio-4954 (8th Dist.); *Lakeview Holding, L.L.C. v. Farmer*, 2020-Ohio-3891, ¶ 18 (a dismissal

without prejudice is not a final appealable order because a party may refile); and *Fugate v. Dayton Children's Med. Ctr.*, 2019-Ohio-1471, ¶ 6 (2d Dist.) (a dismissal without prejudice is generally not a final appealable order unless the appellant is precluded from refiling as a result of the dismissal).

{¶ 12} This court has previously held that a dismissal for failure to include an affidavit of merit with a medical-claim complaint is not a final appealable order if a party is able to refile under the savings statute. *Amos v. Van Aman*, 2019-Ohio-5324, ¶ 7 (10th Dist.). In this case, the trial court's dismissal clearly states that dismissal was "WITHOUT PREJUDICE." (Emphasis in original.) (Dec. 17, 2025 Entry.)

{¶ 13} Reviewing the timeline, appellants still may refile. The statute of limitations in a medical-malpractice case is one year. In this case, the complaint was filed roughly seven months after the alleged cause of action arose. Thus, the case was filed within the statute of limitations. Further, R.C. 2305.19(A), commonly referred to as the savings statute, permits a party to refile a claim that has been dismissed otherwise than on the merits within one year of the dismissal, even though the claim would otherwise be time-barred by the statute of limitations. *See Amos* at ¶ 10. Appellants may, therefore, refile their claims.

{¶ 14} Accordingly, this court finds that the trial court's dismissal for failure to include an affidavit of merit with the amended complaint, where appellants still may refile, was not a final appealable order. Accordingly, this court lacks jurisdiction over the appeal.

## IV. Conclusion

{¶ 15} Based on the foregoing reasons, we conclude that the December 17, 2025 judgment is not a final appealable order, and this appeal is dismissed.

*Appeal dismissed.*

DORRIAN and DINGUS, JJ., concur.

––––––––––––––