WHITE, APPELLEE, *v.* STANDARD OIL COMPANY, APPELLANT.

(No. 11272—Decided April 11, 1984.)

*Mr. Bradford M. Gearinger,* for appellee.

*Mr. Robin G. Weaver* and *Mr. Richard Gurbst,* for appellant.

QUILLIN, J. After a jury trial on a claim of false arrest, judgment was entered on behalf of plaintiff, Edward White, for $3,000 actual damages and $10,000 punitive damages. Defendant appeals claiming that it was entitled to

judgment as a matter of law because it did not cause the arrest and, in the alternative, the court erred in not withdrawing the punitive damages claim.

Because there was no evidence that the defendant caused the arrest of the plaintiff, we reverse.

In spite of the many factual conflicts, the controlling facts are not in dispute. Plaintiff drove into the self-serve gas station operated by the defendant, Standard Oil Company of Ohio. He testified that he gave the operator of the station, Linda Ferris, a five dollar bill and two one dollar bills. (She claims he gave her three one dollar bills). She activated the computer pump to allow three dollars of gas to be delivered. When plaintiff received only $3.02 worth of gas he complained to the operator. She denied receiving more than three dollars and refused to give him either more gas or money. Both agree that she told him he should check later with the manager of the station to see if there was an overage. The plaintiff refused to leave the premises and refused to withdraw the pump nozzle from his gas tank. The standoff continued and became exacerbated when other customers began to be inconvenienced. At one point a customer told the operator she had better call the police because there might be a fight.

The operator called the police who arrived shortly thereafter. The three police officers who arrived testified that they talked to both the plaintiff and the operator. They then suggested to the plaintiff that he talk to the manager on Monday and attempt to adjust the dispute. The plaintiff again refused. The police officers testified that they told plaintiff five or six times that if he did not leave they would have to arrest him. The officers also testified that the situation was getting nasty and they felt they had to do something to defuse the situation. A riot was a real possibility. The officers testified that they then arrested plaintiff for disorderly conduct. The arrest, they said, was entirely their own decision and had nothing to do with the operator. They observed a crime being committed in their presence and made an arrest. (Plaintiff denies much of what the police officers said happened. He claims that the officers talked briefly to the operator and then walked over to him and immediately arrested him. He denies the officers asked him to leave. He denies he used profanity or was causing any disturbance whatsoever. This conflict in the testimony is immaterial because the record is clear and uncontroverted that the officers acted on their own volition and purported to make an arrest for a crime being committed in their presence. So, although the conflict in evidence would be significant in determining if a crime had been committed, it has no bearing on who initiated or procured the arrest.)

Plaintiff was arrested and taken to the police station where one of the officers signed an affidavit charging the plaintiff with disorderly conduct in violation of an Akron city ordinance. When the criminal charges were tried, the court found the plaintiff not guilty because the affidavit alleged that the crime took place on a public street while the evidence showed that the events did not occur on a public street.

Plaintiff submitted two counts to the jury. The first was for the return of $3.98 plus punitive damages while the second was for false arrest plus punitive damages. After some confusion, the jury returned a verdict for $3.98 with no punitive damages on the first count and a verdict for $3,000 compensatory damages and $10,000 punitive damages on the second count. The defendant appeals only the false arrest verdict.

Where a private citizen merely summons an officer for assistance because of a disturbance and does not specifically request that the person be arrested nor supply the false information to the police

which causes the arrest, the citizen is not liable. The independent determination by the officer to arrest for acts committed in his presence insulates the citizen from liability even though the original summons was without cause or even with malice. 32 American Jurisprudence 2d (1982) 97, False Imprisonment, Sections 42 *et seq.*; Annotation (1980), 98 A.L.R. 3d 542; 1 Restatement of the Law 2d, Torts (1965) 69, Section 45A. Comment *c* to Section 45A of the Restatement suggests that the procurement of false imprisonment is the equivalent in words or conduct to "Officer, arrest that man!" *Id.* at 70. See, also, *Smith* v. *District of Columbia* (D.C. App. 1979), 399 A. 2d 213.

The officer's determination to arrest plaintiff was not affected by the dispute over the money. The officers took no position on who was right or wrong but were merely attempting (apparently successfully) to defuse a potentially dangerous situation. The defendant was entitled to judgment as a matter of law. The trial court erred in not granting the defendant's motions for a directed verdict and for judgment notwithstanding the verdict. The remaining assignments of error are moot.

The judgment is reversed and final judgment is entered for defendant.

*Judgment reversed.*

MAHONEY, P.J., and GEORGE, J., concur.