[Cite as *Jordan v. Giant Eagle Supermarket*, 2020-Ohio-5622.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

LU JORDAN,                                        :

    Plaintiff-Appellant,                :

                                             No. 109304

    v.                                           :

GIANT EAGLE SUPERMARKET,              :
ET AL.,

    Defendants-Appellees.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 10, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-913785

---

### *Appearances:*

Lu Jordan, *pro se.*

Williams, Moliterno & Scully, Co., L.P.A., Roger H. Williams, and Christina N. Williams, *for appellees.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Plaintiff-appellant Lu Jordan brings this appeal challenging the trial court's judgment granting the motion for judgment on the pleadings pursuant to Civ.R. 12(C) filed by defendants-appellees "Giant Eagle Supermarkets," "John Doe Corporation dba Giant Eagle Supermarkets," and "John Doe Giant Eagle

Employee(s)" (collectively "Giant Eagle"). Appellant appears to argue that the trial court erred in concluding that when construing the allegations in appellant's complaint as true, appellant can prove no set of facts that would entitle her to relief on her false imprisonment claim.[1] Appellant further contends that the trial court erred by failing to construe the allegations in the complaint liberally and in a light most favorable to appellant, and that the trial court erred by failing to grant "reasonable leeway" to appellant as a pro se litigant. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} The instant appeal pertains to two incidents that allegedly occurred while appellant was shopping at the Giant Eagle supermarket in South Euclid, Ohio. The first incident purportedly occurred on October 15, 2016, and the second incident purportedly occurred on May 15, 2018.

{¶ 3} During the 2016 incident, appellant and her minor child were allegedly detained against their will by two South Euclid police officers and accused of stealing a piece of lunchmeat. During the 2018 incident, appellant and her minor child were purportedly detained by "store security" and accused of theft. Appellant did not specify what she was accused of stealing during the 2018 incident. Appellant commenced two civil actions based on these incidents.

---

[1] Appellant appears to only challenge the trial court's judgment on her false imprisonment claim. She does not specifically challenge the trial court's judgment on her claims for breach of contract, deprivation of her constitutional rights, and discrimination. Rather, appellant asserts that "all other claims set forth by [a]ppellant rest" on her false imprisonment claim. Appellant's brief at 10.

## A. Cuyahoga C.P. No. CV-17-887426

{¶ 4} On October 16, 2017, appellant filed a complaint against (1) Giant Eagle Supermarkets, (2) John Doe Corporation d.b.a. Giant Eagle Supermarkets, (3) John Doe Giant Eagle Employee(s), (4) South Euclid Police Department, and (5) South Euclid Police Department Police Officers, severally and individually.[2]

{¶ 5} On November 10, 2017, the South Euclid defendants filed a motion for a more definite statement pursuant to Civ.R. 12. Appellant did not oppose the motion. On December 5, 2017, the trial court granted the South Euclid defendants' motion for a more definite statement, and ordered appellant to file an amended complaint "set[ting] forth with specificity the claims and factual allegations supporting those claims against the South Euclid Defendants on or before 12/22/2017." The trial court warned appellant that "[f]ailure to follow this order may result in the complaint being stricken from the record and this case being dismissed."

{¶ 6} On January 19, 2018, the South Euclid defendants filed a motion to dismiss, based on appellant's failure to file an amended complaint with more specific allegations. On March 14, 2018, the trial court again ordered appellant to file an amended complaint. When appellant did not file an amended complaint in a

---

[2] Giant Eagle's appellate brief references the "prior complaint" filed by appellant in October 2017. This court takes judicial notice of the court filings in the first civil action commenced by appellant because they are public records readily accessible from the internet. *See State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 974 N.E.2d 516, ¶ 8, 10.

timely manner, the trial court granted South Euclid's motion to dismiss on March 26, 2018.

{¶ 7} On April 9, 2018, appellant filed a notice of dismissal, seeking to voluntarily dismiss the case against Giant Eagle pursuant to Civ.R. 41(A)(1). The trial court dismissed the matter without prejudice on April 11, 2018.

## B. Cuyahoga C.P. No. CV-19-913785

{¶ 8} Appellant filed her second complaint against Giant Eagle Supermarkets, John Doe Corporation d.b.a. Giant Eagle Supermarkets, and John Doe Giant Eagle Employee(s) on April 10, 2019. The South Euclid Police Department and police officers were not named as defendants in the second complaint. As discussed in further detail below, appellant appeared to assert claims for false imprisonment, breach of contract, deprivation of her constitutional rights, and discrimination. Appellant's allegations pertained to both the 2016 and 2018 incidents.

{¶ 9} Giant Eagle filed an answer on May 14, 2019. Therein, Giant Eagle denied the allegations in appellant's second complaint. Furthermore, Giant Eagle argued, in part, that appellant failed to join a necessary party pursuant to Civ.R. 12(B)(7) and Civ.R. 19, and that appellant failed to state a claim upon which relief could be granted.

{¶ 10} On September 20, 2019, Giant Eagle filed a motion for judgment on the pleadings pursuant to Civ.R. 12(B), a motion to dismiss pursuant to

Civ.R. 12(B)(6), and a motion for summary judgment pursuant to Civ.R. 56. Therein, Giant Eagle argued, in relevant part,

> the complaint fails to meet the basic pleading standards of Civ.R. 8 and Ohio law interpreting the same. Specifically, it is [Giant Eagle's] position the vague, confusing, and conclusory allegations in the Complaint fail to put [Giant Eagle] on notice of the nature of the claim and the theories of recovery, such that it is impossible for Giant Eagle to properly defend against whatever claims [appellant] is attempting to assert.

{¶ 11} On November 18, 2019, the trial court granted Giant Eagle's motion for judgment on the pleadings.[3] The trial court concluded that (1) appellant failed to state a claim for false imprisonment and that Giant Eagle was entitled to judgment as a matter of law on appellant's false imprisonment claim, (2) appellant failed to state a claim for breach of contract and any breach of contract claim appellant attempted to assert was facially deficient, (3) any constitutional claim appellant attempted to assert was facially deficient, and (4) appellant failed to properly assert a claim for discrimination.

{¶ 12} It is from this judgment that appellant filed the instant appeal on December 16, 2019. Appellant assigns one error for review:

> I. The trial court erred where it concluded [appellant's] complaint failed to comply with the minimal requirements of "notice pleading", and dismissed [appellant's] claim pursuant to Civ.R. 12(C) judgment on the pleadings.

---

[3] The trial court's judgment entry provides that the court entered judgment in favor of Giant Eagle pursuant to Civ.R. 12(C), and that the trial court did not reach Giant Eagle's alternative arguments under Civ.R. 12(B)(6) and Civ.R. 56.

## II. Law and Analysis

{¶ 13} In her sole assignment of error, appellant argues that the trial court erred in granting Giant Eagle's motion for judgment on the pleadings.

{¶ 14} As an initial matter, we address appellant's argument that the trial court erred by failing to grant appellant, as a pro se litigant, "reasonable leeway" in construing the allegations in appellant's complaint. Appellant's brief at 1. The record reflects that appellant acted pro se in the trial court, and she is acting pro se in this appeal.

{¶ 15} This court has previously recognized,

> a pro se litigant may face certain difficulties when choosing to represent oneself. Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency. *Henderson v. Henderson*, 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶ 22. Pro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22.

*Saeed v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 104617, 2017-Ohio-935, ¶ 7. "'Pro se litigants are not entitled to greater rights, and they must accept the results of their own mistakes.'" *Fazio v. Gruttadauria*, 8th Dist. Cuyahoga No. 90562, 2008-Ohio-4586, ¶ 9, quoting *Williams v. Lo*, 10th Dist. Franklin No. 07AP-949, 2008-Ohio-2804, ¶ 18.

{¶ 16} In the instant matter, appellant, as a pro se litigant, was presumed to have knowledge of the law and legal procedures regarding the basic pleading standards and Civ.R. 8's requirement that appellant provide a short and plain

statement of her claims against Giant Eagle demonstrating that she is entitled to relief. Contrary to appellant's assertion, the record reflects that the trial court afforded "reasonable leeway" to appellant.

{¶ 17} The same trial judge that presided over the first civil action, CV-17-887426, presided over the second action that is the subject of this appeal, CV-19-913785. In the first action, the trial court gave appellant multiple opportunities to file an amended complaint with more specific claims and factual allegations. The trial court only granted the motion to dismiss filed by the South Euclid Police Department and its officers after appellant failed to comply with the trial court's orders to file an amended complaint. The trial court also dismissed the first action without prejudice such that appellant could refile her claims against Giant Eagle.

{¶ 18} Accordingly, the record reflects that the trial court afforded reasonable leeway and latitude to appellant as a pro se litigant. Appellant was not entitled to more leniency regarding the pleading requirements set forth in Civ.R. 8. Rather, as noted above, appellant was presumed to have knowledge of the law and legal procedures, including the pleading requirements, and she is subject to the same standard as litigants who are represented by counsel. With these principles in mind, we turn to the merits of this appeal.

### A. Motion for Judgment on the Pleadings

{¶ 19} As noted above, appellant contends that the trial court erred in granting Giant Eagle's motion for judgment on the pleadings.

## 1. Standard of Review

{¶ 20} A motion for judgment on the pleadings pursuant to Civ.R. 12(C) raises only questions of law that are reviewed under a de novo standard of review. *Cohen v. Bedford Hts.*, 8th Dist. Cuyahoga No. 101739, 2015-Ohio-1308, ¶ 7; *Shingler v. Provider Servs. Holdings, L.L.C.*, 8th Dist. Cuyahoga No. 106383, 2018-Ohio-2740, ¶ 17. This court must "accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 2011-Ohio-6167, 967 N.E.2d 1249, ¶ 3 (8th Dist.), citing *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991). In determining a motion for judgment on the pleadings, the complaint, answer, and any material attached as exhibits to those pleadings are taken into consideration. *Schmitt v. Educational Serv. Ctr.*, 8th Dist. Cuyahoga No. 97623, 2012-Ohio-2210, ¶ 9.

{¶ 21} The Ohio Supreme Court has held that a Civ.R. 12(C) motion for judgment on the pleadings is to be considered as a belated motion to dismiss for failure to state a claim upon which relief can be granted. *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 592, 635 N.E.2d 26 (1994). As such, this court has analyzed a motion for judgment on the pleadings pursuant to Civ.R. 12(C) under the same principles that this court would apply in analyzing a motion to dismiss pursuant to Civ.R. 12(B)(6). *Black v. Coats*, 8th Dist. Cuyahoga No. 85067, 2005-Ohio-2460, ¶ 6.

> A Civ.R. 12(B)(6) "'motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.'" *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992), quoting *Assn. for the*

> *Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d
> 116, 117, 537 N.E.2d 1292 (1989). In Ohio, under notice pleading, a
> plaintiff need not prove his [or her] case at the pleading stage. *DSS
> Servs., L.L.C. v. Eitel's Towing, L.L.C.*, 10th Dist. Franklin No. 18AP-
> 567, 2019-Ohio-3158, ¶ 10. A plaintiff is required under Civ.R. 8(A)(1)
> to provide a short and plain statement of the claim demonstrating that
> the claimant is entitled to relief. *McBride v. Parker*, 5th Dist. Richland
> No. 11 CA 122, 2012-Ohio-2522, ¶ 27. "In order to dismiss a complaint
> for failure to state a claim upon which relief can be granted, the court
> must find beyond doubt that plaintiff can prove no set of facts
> warranting relief after it presumes all factual allegations in the
> complaint are true, and construes all reasonable inferences in plaintiff's
> favor." *Black* at ¶ 7, citing *State ex rel. Seikbert v. Wilkinson*, 69 Ohio
> St.3d 489, 490, 633 N.E.2d 1128 (1994).

*Tuttle v. Collins*, 8th Dist. Cuyahoga No. 108909, 2020-Ohio-4062, ¶ 18.

Unsupported conclusions are not considered admitted and are not sufficient to

withstand a motion to dismiss. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193,

532 N.E.2d 753 (1988).

{¶ 22} In its motion to dismiss appellant's complaint, Giant Eagle argued, in

part, that appellant's complaint

> fails to meet the basic pleading standards of Civ.R. 8 and Ohio law
> interpreting the same. Specifically, it is [Giant Eagle's] position the
> vague, confusing, and conclusory allegations in the Complaint fail to
> put [Giant Eagle] on notice of the nature of the claim and the theories
> of recovery, such that it is impossible for Giant Eagle to properly defend
> against whatever claims [appellant] is attempting to assert.

{¶ 23} In granting Giant Eagle's motion for judgment on the pleadings, the

trial court recognized, "[appellant's] complaint — while extremely vague — appears

to allege counts of false imprisonment, breach of contract, some sort of unspecified

deprivation of constitutional rights, as well as unspecified discrimination."

**{¶ 24}** Civ.R. 8(A), governing the general rules of pleadings and claims for relief, provides that a complaint is only required to contain "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." A party is not required to plead the legal theory of recovery, and it is sufficient for the pleading party to set forth facts which, if proven, establish the party's claim for relief. *Tennant v. Huntington Natl. Bank*, 8th Dist. Cuyahoga No. 108993, 2020-Ohio-4063, ¶ 15, citing *Illinois Controls v. Langham*, 70 Ohio St.3d 512, 526, 639 N.E.2d 771 (1994). "[A] plaintiff is not required to prove his or her case at the pleading stage. * * * [A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144-145, 573 N.E.2d 1063 (1991). Even under Ohio's liberal pleading rules and notice-pleading standard,

> a cause of action must be factually supported and courts need not accept bare assertions of legal conclusions. *Tuleta v. Med. Mut. of Ohio*, 2014-Ohio-396, 6 N.E.3d 106, ¶ 28 (8th Dist.). "[B]are legal conclusions are not considered admitted and are not sufficient to withstand a motion to dismiss." *Harper v. Weltman, Weinberg & Reis Co., L.P.A.*, 8th Dist. Cuyahoga No. 107439, 2019-Ohio-3093, ¶ 33.

*Enduring Wellness, L.L.C. v. Roizen*, 8th Dist. Cuyahoga No. 108681, 2020-Ohio-3180, ¶ 24.

**{¶ 25}** In this appeal, we must determine whether, accepting the factual allegations in appellant's complaint as true and making all reasonable inferences in favor of appellant, appellant's complaint can be read to have pled actionable claims

for false imprisonment, breach of contract, deprivation of constitutional rights, or discrimination. *See Tennant* at ¶ 17-19. Furthermore, we must determine whether, construing all material allegations in the complaint as true, appellant can prove no set of facts that would entitle her to relief. *Id.*

{¶ 26} As an initial matter, we note that many of the allegations in appellant's complaint that pertain to the 2016 incident involve the two South Euclid police officers that stopped appellant in the grocery store. Unlike the first civil action, CV-17-887426, appellant did not file her complaint against the South Euclid Police Department or the two officers that stopped her in the store. Accordingly, our analysis will be limited to appellant's allegations against the Giant Eagle defendants.

## 2. False Imprisonment

{¶ 27} As noted above, appellant appeared to assert a cause of action for false imprisonment in her complaint. First, regarding the 2016 incident, appellant alleged that the South Euclid police officers "detained [her] and [her] minor child against their will and unlawfully and/or without proper purpose or reason subjected [her] [to theft accusations.]" Complaint at ¶ 2. She further alleged that she and her minor child were "unlawfully detain[ed]" by the South Euclid police officers based on false allegations of theft. *Id.* at ¶ 4. Second, regarding the 2018 incident, appellant alleged that she was detained by "store security" based on a false accusation of theft.

> False imprisonment occurs when a person intentionally confines another within a limited area for any appreciable length of time, without lawful privilege and against the other's consent. *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107, 109, 573 N.E.2d 633

(1991). To establish a claim for false imprisonment, the plaintiff must first demonstrate that he or she was confined. *Ripley v. Montgomery*, 10th Dist. [Franklin] No. 07AP-6, 2007-Ohio-7151, ¶ 39. A presumption then arises that the confinement was unlawful, and the defendant must carry the burden to show legal justification. *Id.* If a plaintiff fails to offer proof of confinement, the cause of action fails as a matter of law. *Id.* at ¶ 40.

Confinement consists of a total restraint upon the plaintiff's freedom of locomotion, *imposed by force or threats. Sharp v. Cleveland Clinic*, 176 Ohio App.3d 226, 2008-Ohio-1777, 891 N.E.2d 809, ¶ 21 (11th Dist.); *Witcher v. Fairlawn*, 113 Ohio App.3d 214, 217, 680 N.E.2d 713 (9th Dist.1996). Mere submission to verbal direction in the absence of force or threat of force does not constitute confinement. *King v. Aultman Health Found.*, 5th Dist. [Stark] No. 2009 CA 00116, 2009-Ohio-6277, ¶ 55; *Ripley* at ¶ 40.

(Emphasis added.) *Kulich-Grier v. OhioHealth Corp.*, 10th Dist. Franklin No. 14AP-26, 2014-Ohio-3931, ¶ 20-21.

{¶ 28} In the instant matter, the record reflects that appellant failed to plead an actionable false imprisonment claim against Giant Eagle pertaining to the 2016 incident. She did not allege in her complaint that she was detained by an employee or employees of Giant Eagle during the 2016 incident. Unlike the first civil action commenced by appellant, the South Euclid police officers and South Euclid Police Department are not named defendants in the action that is the subject of this appeal.

{¶ 29} Appellant also failed to plead an actionable false imprisonment claim pertaining to the 2018 incident. As noted above, appellant alleged that she was unlawfully detained against her will by the South Euclid police officers during the 2016 incident. Appellant does not allege, however, that she was *unlawfully* detained or held against her will by store security during the 2018 incident. *See* complaint at ¶ 2.

{¶ 30} Appellant alleges that she was detained by store security based on a theft accusation. *Id.* Appellant further alleges that "store security also detained [her] at the front section of the grocery store, in full view of other customers." *Id.* at ¶ 3. Appellant alleges that "[t]he store security officer detained [her] and the minor child due to a false accusation on [May 15, 2018]." *Id.* at ¶ 4. Appellant alleged that she and her child "feared unlawful detainment and impending incarceration due to the conduct of * * * store security officer[.]" *Id.* at ¶ 5.

{¶ 31} Accordingly, a review of appellant's complaint reflects that she failed to allege that she was unlawfully or improperly detained by store security during the 2018 incident.

{¶ 32} Additionally, the record reflects that appellant failed to allege that she was detained by either force of accompanying threats during the 2016 or 2018 incidents. Appellant makes the unsupported and conclusory assertions that she was unlawfully detained and held against her will by the police officers in 2016, and that she was detained by store security in 2018. However, appellant failed to allege that she was detained either by force or accompanying threats. Based on appellant's failure to allege that she was detained by force or accompanying threats, appellant's conclusory allegations that she was unlawfully detained against her will by the police officers in 2016 were not sufficient to withstand Giant Eagle's motion to dismiss.

{¶ 33} Finally, appellant argues — for the first time in this appeal — that the trial court erred in granting Giant Eagle's motion for judgment on the pleadings with respect to her false imprisonment claim because "employees who are private citizens

who call upon assistance from law enforcement officers *to request an arrest* are not insulated from tort liability as in this instance." (Emphasis added.) Appellant's brief at 6. Appellant contends that "[w]hen Giant Eagle employees summoned South Euclid police officers and supplied them with false information *to effectuate and cause an arrest*, the employee is liable." (Emphasis added.) Appellant's brief at 6. She further asserts that "Giant Eagle's call to the police was a call to arrest [her] for shoplifting, as such Giant Eagle is liable under the legal theory of false imprisonment. In sum, Giant Eagle's call to the police was *an actual request to apprehend and not merely to investigate* [appellant]." (Emphasis added.) Appellant's brief at 7.

{¶ 34} Giant Eagle asserts that appellant failed to raise this theory of false imprisonment — that the Giant Eagle employees requested that the police and store security detain or arrest appellant, or that the employees effectuated the arrest — in the trial court, either in her complaint or in opposing Giant Eagle's motion for judgment on the pleadings, and that appellant raises this argument for the first time in her appellate brief. It is well-settled that arguments raised for the first time on appeal will not be considered by an appellate court. *See State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81, 679 N.E.2d 706 (1997). However, as noted above, appellant was not required to specifically plead this theory of false imprisonment, so long as her complaint set forth facts that, if proven, established that the employees either requested that appellant be arrested or detained or

effectuated the arrest or detainment. *Tennant*, 8th Dist. Cuyahoga No. 108993, 2020-Ohio-4063, at ¶ 15, citing *Langham*, 70 Ohio St.3d at 526, 639 N.E.2d 771.

**{¶ 35}** After reviewing the record, and for the following reasons, we find that appellant failed to sufficiently allege in her complaint that Giant Eagle is liable for false imprisonment under the theory that Giant Eagle's employees either requested that appellant be arrested or detained or effectuated the arrest or detainment during the 2016 and 2018 incidents.

**{¶ 36}** In support of her argument that Giant Eagle's employees can be liable for false imprisonment because they requested that the South Euclid police officers detain or arrest her during the 2016 incident, requested that the "store security" officer detain or arrest appellant during the 2018 incident, or because the employees effectuated the detainment or arrest, appellant directs this court to *White v. Std. Oil Co.*, 16 Ohio App.3d 21, 22-23, 474 N.E.2d 366 (9th Dist.1984), *Beverly v. Lawson Co.*, 8th Dist. Cuyahoga No. 45119, 1983 Ohio App. LEXIS 12779 (Aug. 18, 1983), and *Cox v. Kobacker Stores*, 2d Dist. Miami No. 85CA2, 1985 Ohio App. LEXIS 7056 (Aug. 30, 1985). These cases examine whether private citizens, businesses, and business employees can be held liable for false arrest or false imprisonment for an arrest made by a police officer.

> [P]rivate citizens who call upon assistance from law enforcement officers are insulated from tort liability *if their request for assistance does not amount to a request for arrest.* [*Niessel v. Meijer, Inc.*, 12th Dist. Warren No. CA2001-04-027, 2001 Ohio App. LEXIS 5632, 18 (Dec. 17, 2001)], quoting *White v. Standard Oil Co.*, 16 Ohio App.3d 21, 474 N.E.2d 366. To impose liability on a private citizen for a wrongful arrest, the arrest by the officer *must be so induced or instigated by the*

> *defendant* that the arrest is made by the officer, not of his own volition, but to carry out the request of the defendant. [*Beverly* at 4]. No liability is incurred if a person merely gives information to an officer tending to show a crime has been committed. *Id. The same applies if the action is one for false imprisonment. Id.*

(Emphasis added.) *Barnes v. Meijer Dept. Store*, 12th Dist. Butler No. CA2003-09-246, 2004-Ohio-1716, ¶ 17; *see Niessel* at 22 ("where an employee of a business requests police to apprehend a suspect and an unlawful detention results, the business is not protected from tort liability."); *see also Beverly* at 12 (merely summoning or calling an officer "to deal with a person accused of a crime" is not sufficient participation on behalf of a private citizen to impose liability for false imprisonment).

{¶ 37} After reviewing the record, we find that appellant failed to sufficiently allege in her complaint that Giant Eagle is liable for false imprisonment under the theory that Giant Eagle employees either requested that appellant be arrested or detained or effectuated the arrest or detainment during the 2016 and 2018 incidents. A review of appellant's complaint reflects that she did not allege that Giant Eagle employees called the police at the time of the 2016 incident and (1) requested that the officers arrest or detain appellant, or (2) effectuated the arrest or detainment of appellant. Nor does appellant allege in her complaint that the employees requested that "store security" arrest or detain appellant or that the employees effectuated an arrest or detainment by store security during the 2018 incident. Rather, appellant's complaint alleges that during the 2016 incident, the officers "had been called to the store by [Giant Eagle] employee(s)." Complaint at

¶ 2. Appellant further alleges that the Giant Eagle employees "*reported* the theft to [the police during the 2016 incident] and the Giant Eagle store security officer on a subsequent date [during the 2018 incident]." (Emphasis added.) *Id.* at ¶ 5. Appellant's complaint alleges that during the 2016 incident, the police officers detained her and "accused [her] of theft that *the officers personally witnessed.*" (Emphasis added.) *Id.* at ¶ 4. Appellant does not allege that the police officers detained her or accused her of theft based solely on the call or report made by the Giant Eagle employee(s) or at the request of the employees.

{¶ 38} Accordingly, the record reflects that appellant failed to allege or sufficiently plead a claim for false imprisonment in her complaint based on the theory that the Giant Eagle employees requested that appellant be arrested or detained by the police officers or store security, or that the employees effectuated the detention or arrest of appellant.

{¶ 39} After reviewing appellant's complaint, and construing the allegations therein in a light most favorable to appellant, it is evident that appellant failed to sufficiently allege that the Giant Eagle employees induced, instigated, or effectuated the arrest or detention of appellant during either the 2016 or 2018 incidents. Nor did appellant sufficiently allege that the employees requested or called upon either the police officers or store security officer to detain or arrest appellant during the 2016 or 2018 incidents.

{¶ 40} When viewed in a light most favorable to appellant, appellant's complaint alleges that the Giant Eagle employees either requested assistance from

the police and store security or provided information to the police and store security tending to show that appellant was suspected of shoplifting. These allegations were not sufficient to withstand Giant Eagle's motion for judgment on the pleadings as it pertained to appellant's false imprisonment claim.

{¶ 41} Based on the foregoing analysis, the trial court did not err in dismissing appellant's wrongful imprisonment claim. Appellant can prove no set of facts in support of her false imprisonment claim that would entitle her to relief.

{¶ 42} As noted above, appellant does not specifically challenge the trial court's judgment on her claims for breach of contract, deprivation of constitutional rights, or discrimination. Rather, appellant only addresses the trial court's dismissal of her false imprisonment claim and contends that her other claims are premised upon her claim for false imprisonment.

{¶ 43} "The appellant bears the burden of demonstrating error on appeal by reference to the record of the proceedings below." *Davis v. Wesolowski*, 2020-Ohio-677, 146 N.E.3d 633, ¶ 29 (8th Dist.), citing *Stancik v. Hersch*, 8th Dist. Cuyahoga No. 97501, 2012-Ohio-1955, *see* App.R. 16(A)(7). By failing to address the trial court's judgment on her claims for breach of contract, deprivation of constitutional rights, or discrimination, appellant has failed to meet her burden of demonstrating error. Although it is not this court's duty to construct an argument on appellant's behalf, we will review the trial court's judgment on appellant's claims for breach of contract, deprivation of constitutional rights, and discrimination.

### 3. Breach of Contract

{¶ 44} As noted above, appellant appeared to assert a cause of action for breach of contract in her complaint. Appellant alleged that "[t]he incident," without specifying whether she was referring to the May 15, 2018 incident, the October 15, 2016 incident, or both,

> arises as a direct and proximate cause of a contractual agreement between [appellant] and [Giant Eagle] due to [Giant Eagle] selling for value, to [appellant], a Treat Card. Under the contractual terms and conditions of the Treat Card, [appellant] was at all times in lawful possession of the one slice of cheese that [she] was accused of stealing from Giant Eagle Supermarket * * * When detained by the store security officer, [appellant] also had one slice of cheese.

Complaint at ¶ 6.

{¶ 45} To succeed on a breach of contract claim, a plaintiff must demonstrate "the existence of a binding contract or agreement; the non-breaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the non-breaching party suffered damages as a result of the breach." *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 108, 661 N.E.2d 218 (8th Dist.1995).

{¶ 46} The trial court concluded that appellant failed to state a claim for breach of contract because "[appellant] did not attach a copy of any contract or agreement to the complaint as required by Civ.R. 10(D)," and "[appellant] additionally failed to remedy this problem when pointed out by [Giant Eagle]."

> Civ.R. 10(D)(1) provides that, "[w]hen any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be

stated in the pleading." Nonetheless, "[b]ecause there is no language in Civ.R. 10(D)(1) that the account or written instrument is required to establish the adequacy of the complaint, any failure to attach the required copies is properly addressed by a motion for a more definite statement under Civ.R. 12(E)." *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 11. "In short, a party can still plead a prima facie case in such circumstances even without attaching the account or written agreement to the complaint. Thus, the complaint will survive a motion to dismiss for failure to state a claim." *Id.*

*Greer v. Finest Auto Wholesale, Inc.*, 9th Dist. Summit No. 29358, 2020-Ohio-3951, ¶ 29; *see Krohn v. Ostafi*, 6th Dist. Lucas No. L-19-1002, 2020-Ohio-1536, ¶ 51, citing *Fletcher* ("while Civ.R. 10(D)(1) requires a written instrument to be attached to any claims arising from the terms of that instrument, the failure to attach the instrument alone is not grounds for dismissal.").

{¶ 47} In *Krohn*, the plaintiff-appellant did not attach any written instruments to the complaint. On appeal, the Sixth District held that the proper remedy for plaintiff's failure to attach the written instrument to the complaint was to grant a motion for a more definite statement, pursuant to Civ.R. 12, not to dismiss plaintiff's claims. *Id.* at ¶ 51. As such, the appellate court held that the trial court's judgment dismissing plaintiff's claims pursuant to Civ.R. 10(D)(1) was contrary to law. *Id.*

{¶ 48} In the instant matter, like *Krohn*, we find that the trial court erred by dismissing appellant's breach of contract claim based on appellant's failure to attach a copy of the contract or agreement to her complaint and failure to remedy this problem when it was brought to her attention by Giant Eagle. Appellant's failure to

attach the contract or written agreement pursuant to Civ.R. 10(D)(1) alone is not grounds for dismissal. *Krohn* at ¶ 51, citing *Fletcher*.

{¶ 49} Nevertheless, after reviewing the record, we find that appellant failed to plead an actionable breach of contract claim pertaining to either the 2016 or 2018 incident. As noted above, appellant alleged in her complaint that she was detained by the police officers and accused of stealing a piece of lunchmeat during the 2016 incident. Appellant alleged that she was detained by "store security" during the 2018 incident, but she does not specify in her complaint what she was accused of stealing. Appellant alleged that on both occasions, she was in possession of "one slice of cheese," not a piece of lunchmeat.

{¶ 50} Appellant alleged that she was lawfully in possession of the single slice of cheese based on the contractual agreement between her and Giant Eagle and the "Treat Card" she purchased from Giant Eagle. Notwithstanding appellant's failure to attach the "Treat Card" contract or agreement to her complaint and appellant's failure to state the reason for the omission of the contract or agreement in her complaint, appellant failed to allege that Giant Eagle failed to fulfill its contractual obligations pursuant to the "Treat Card" contract or agreement. Based on appellant's failure to allege that Giant Eagle breached its contractual obligations, appellant's conclusory assertion that she was lawfully in possession of the items she was accused of stealing was not sufficient to stand Giant Eagle's motion to dismiss. Appellant can prove no set of facts in support of her breach of contract claim that would entitle her to relief.

{¶ 51} Based on the foregoing analysis, the trial court did not err in dismissing appellant's breach of contract claim.

### 4. Deprivation of Constitutional Rights

{¶ 52} As noted above, appellant appeared to assert a cause of action in her complaint that she was deprived of her constitutional rights. Specifically, appellant alleged that during the 2016 incident, the South Euclid police officers, who are not defendants in this case, "continued to deprive both [appellant] and the minor child of their constitutional rights, to wit, the ability to enter and exit [Giant Eagle's] establishment as they continued to unlawfully detain [appellant] and the minor child based on the theft allegation(s) that they personally witnessed." Complaint at ¶ 4.

{¶ 53} Regarding the 2018 incident, although appellant alleged that Giant Eagle's "store security officer also detained [appellant] and the minor child due to a false allegation," appellant did not allege that the store security officer deprived appellant of her constitutional rights.

{¶ 54} The trial court concluded that "[a]ny constitutional claim [appellant] may be alleging in the complaint is facially deficient because [the Giant Eagle defendants] are not governmental entities or state actors." In concluding that appellant's constitutional deprivation claim was facially deficient, the trial court relied upon *Grenga v. Bank One, N.A.*, 7th Dist. Mahoning No. 04 MA 94, 2005-Ohio-4474.

{¶ 55} In *Grenga*, the Seventh District explained,

"Most of the protections for individual rights and liberties contained in the United States and Ohio Constitutions *apply only to actions of governmental entities*[.]" *Adityanjee v. Case W. Res. Univ.*, [156 Ohio App.3d 432, 2004-Ohio-1109, 806 N.E.2d 583, ¶ 5 (8th Dist.)] Thus, it is difficult to prove a violation of the Fifth or Fourteenth Amendments where the defendant is a private citizen since those Amendments, "erec[t] no shield against merely private conduct, however discriminatory or wrongful." *Adickes v. S.H. Kress & Co.*[, 398 U.S. 144, 169, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)]; *Peoples Rights Org., Inc. v. Montgomery*[, 142 Ohio App.3d 443, 508, 756 N.E.2d 127 (2001)]. *A private defendant cannot be liable for a constitutional deprivation unless that person can be described as a state actor. Adityanjee* at ¶ 51.

(Emphasis added.) *Grenga* at ¶ 82.

{¶ 56} In the instant matter, the record reflects that appellant failed to plead an actionable claim for deprivation of her constitutional rights pertaining to either the 2016 or 2018 incident. Although appellant alleged that the South Euclid police officers deprived her and her child of their constitutional rights during the 2016 incident, and those officers are state actors, appellant did not name the officers as defendants in her complaint.

{¶ 57} Regarding the 2018 incident, although appellant alleged that Giant Eagle's store security officer detained her based on a false allegation of theft, appellant did not allege that the store security officer deprived her of any constitutional rights. Furthermore, neither Giant Eagle's store security officer nor any of the defendants named in appellant's complaint — Giant Eagle Supermarkets, John Doe Corporation d.b.a. Giant Eagle Supermarkets, and John Doe Giant Eagle Employee(s) — are state or governmental actors or entities. Appellant can prove no set of facts in support of her claim that she was deprived of her constitutional rights.

{¶ 58} Based on the foregoing analysis, the trial court did not err in dismissing appellant's claim that she was deprived of her constitutional rights.

### 5. Discrimination

{¶ 59} As noted above, appellant appeared to assert a cause of action for discrimination in her complaint. Although the trial court found appellant's discrimination claim to be "unspecified," appellant appeared to allege a cause of action for discrimination on the basis of age, race, and sex. Specifically, appellant alleged in her complaint that "[Giant Eagle's] unlawful discriminatory acts included, but were not limited to age, race and sex discrimination." Complaint at ¶ 7.

{¶ 60} The trial court concluded that appellant's discrimination claim was "not properly asserted under Civ.R. 8(A)."

{¶ 61} The record reflects that appellant failed to plead an actionable claim for discrimination. Appellant's assertion that Giant Eagle discriminated against her on the basis of age, race, and sex is an unsupported and bare legal conclusion that appellant failed to factually support in any way. Appellant's bare and unsupported conclusion of age, race, and sex discrimination is not considered admitted, and appellant's assertion is not sufficient to withstand Giant Eagle's motion to dismiss. *See Mitchell*, 40 Ohio St.3d at 193, 532 N.E.2d 753; *Tuleta*, 2014-Ohio-396, 6 N.E.3d 106, at ¶ 28; *Harper*, 8th Dist. Cuyahoga No. 107439, 2019-Ohio-3093, at ¶ 33; *Roizen*, 8th Dist. Cuyahoga No. 108681, 2020-Ohio-3180, ¶ at 24. Appellant can prove no set of facts in support of her claim that she was discriminated against on the basis of age, race, and sex.

{¶ 62} Based on the foregoing analysis, the trial court did not err in dismissing appellant's discrimination claim.

{¶ 63} After thoroughly reviewing the record, and for all of the foregoing reasons, we find that the trial court did not err in granting Giant Eagle's motion for judgment on the pleadings and dismissing appellant's claims for wrongful imprisonment, breach of contract, deprivation of constitutional rights, and discrimination. Accordingly, appellant's sole assignment of error is overruled.

{¶ 64} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR