[Cite as *Cicoretti v. A&M Total Restoration, L.L.C.*, 2026-Ohio-1484.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

### DEAN CICORETTI ET AL.,

Plaintiffs-Appellants,

v.

### A&M TOTAL RESTORATION, LLC DBA NOCELLA ROOFING,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 MA 0100

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2025 CV 01368

**BEFORE:**
Cheryl L. Waite, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Bruce M. Broyles*, for Plaintiffs-Appellants

*Atty. Kristen E. Campbell*, Pelini, Campbell & Ricard, LLC, for Defendant-Appellee

Dated:  April 23, 2026

---

**WAITE, P.J.**

{¶1} Appellants Dean and Andrea Cicoretti filed this appeal challenging the decision of the Mahoning County Court of Common Pleas to dismiss their complaint. Appellants argue that the court dismissed their complaint solely for failure to comply with Civ.R. 10(D), which requires a plaintiff to attach a written contract to the complaint. Appellants claim they did comply with Civ.R. 10(D). However, Appellants did not attach any contract to their complaint and did not explain the reason for this omission. Therefore, they did not comply with Civ.R. 10(D). Further, the court did not dismiss the complaint solely on the basis of their non-compliance with Civ.R. 10(D), as the court based its decision on Civ.R. 12(B)(6). Appellants also contend the trial court prematurely ruled on a Civ.R. 12(C) motion for judgment on the pleadings because the pleadings were not closed. Our review of the record shows that the court did not address a Civ.R. 12(C) motion for judgment on the pleadings. Instead, it dismissed the complaint for failure to state a claim for which relief may be granted, pursuant to Civ.R. 12(B)(6). Finally, Appellants argue that the court relied on documents outside of the pleadings in making its ruling, but the record does not support this argument. As none of Appellants' assignments of error have merit, the judgment of the trial court is affirmed.

Facts and Procedural History

{¶2} This case involves a dispute over construction work done on Appellants' roof. On November 30, 2022, Appellants filed a complaint against Appellee A&M Total Restoration, Case No. 2022 CV 02125. Although the complaint was captioned as a breach of contract action, the body of the complaint actually contained allegations of negligent, defective, and unworkmanlike conduct. The complaint alleged that Appellants

entered into a contract with Appellee in 2018 to replace the roof of their house located at 3755 Sugarbush Drive in Canfield. Appellants alleged that on December 28, 2020 they suffered a loss at their house that was covered by insurance. It alleged that the loss was due to the "negligent, defective, and unworkmanlike performance" of Appellee. (11/30/22 Complaint, ¶ 5.) Appellants claimed that Appellee and its employees and agents "negligently performed roofing installation services[.]" (11/30/22 Complaint, ¶ 6.) Appellants contended that their loss occurred as a "direct and proximate result of the negligent, defective, and unworkmanlike conduct" of Appellee. The phrase "negligent, defective, and unworkmanlike" was repeated three more times in their complaint to describe the basis of their loss. Completely absent from their complaint was any allegation that a breach of contract occurred. The complaint did not describe any of the terms of a contract. The November 30, 2022 complaint was voluntarily dismissed on October 26, 2023.

{¶3} Appellants refiled their complaint on May 27, 2025, Case No. 2025 CV 01368. This complaint was again captioned as a breach of contract matter, but the body of the complaint alleged the sole claim of negligent construction, and the complaint referenced the four year statute of limitations for negligent construction. This new complaint, like the original, stated that Appellants entered into a contract with Appellee, but no terms of the contract are set forth and the complaint asserts no allegation of breach of contract. Just as in the original complaint, this complaint contains allegations that Appellee negligently performed work on Appellants' roof, and that all damages Appellants incurred were as a result of the "negligent, defective, and unworkmanlike conduct" of Appellee. (May 27, 2025 Complaint, ¶ 9-10.)

Case No. 25 MA 0100

{¶4}   Appellee filed a motion to dismiss on July 16, 2025, alleging that the refiled complaint was filed after the statute of limitations had expired for a negligence action, and outside of the parameters of the saving statute, R.C. 2305.19.

{¶5}   On July 18, 2025, Appellants again refiled the complaint, explicitly stating they were refiling the complaint that was filed in Case No. 2022 CV 02125.  It was again captioned as a breach of contract, but the allegations within the complaint only addressed negligent construction, just as in the earlier complaints.  Appellants again stated in the complaint that they suffered a loss on December 28, 2020.  A comparison of the November 30, 2022 complaint with this July 18, 2025 complaint reveals that they are identical except for an addition to the first line of the July 18, 2025 complaint stating that it is intended as a refiling of Case No. 2022 CV 02125.

{¶6}   On July 21, 2025, Appellant again refiled the July 18, 2025 complaint.  It is not clear from the record why this refiling occurred.

{¶7}   On July 30, 2025, Appellee filed a Civ.R. 12(B)(6) motion to dismiss and/or a motion for a more definite statement under Civ.R. 12(E).  The motion to dismiss alleged that Appellants failed to attach a copy of the contract to the complaint and that the complaint failed to state that the alleged contract was for future construction.  In its motion Appellee concluded that, pursuant to Civ.R. 10(D), Appellants had not adequately alleged a claim for breach of a written contract.

{¶8}   On August 5, 2025, Appellants filed a document captioned "Compliance with Civil Rule 10(D)."  This document was intended as Appellants' response to Appellee's motion for a more definite statement.  Appellants' response included their assertion that the alleged contract was a written contract and that the contract was destroyed by water

damage. Appellants also stipulated that if the complaint were construed as a complaint for breach of an oral contract, it would be time-barred.

{¶9} On August 14, 2025, Appellee filed for judgment on the pleadings. On August 15, 2025, Appellants filed a response. On October 9, 2025, the court granted Appellee's Civ.R. 12(B)(6) motion and dismissed the complaint. This timely appeal followed.

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED IN FINDING THAT APPELLANTS FAILED TO COMPLY WITH CIV.R. 10(D).

{¶10} After Appellants filed their fourth (virtually identical) complaint in this matter, on July 30, 2025, Appellee filed a Civ.R. 12(B)(6) "Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement." The basis of the motion for a more definite statement was that Appellants did not attach the written contract to their complaint as required by Civ.R. 10(D), and did not set forth any of the terms of a contract in their complaint. Appellee argued that Appellants could not pursue a claim for breach of a written contract without attaching the contract to the complaint or explaining in the complaint why it was not attached, as set forth in Civ.R. 10(D). Appellee also suggested that without any further explanation from Appellants, all counts in the complaint were time-barred, including their claims of negligence and breach of contract. The basis for Appellee's Civ.R. 12(B)(6) motion to dismiss was that the complaint lacked a cognizable claim.

Case No. 25 MA 0100

{¶11} Without waiting for the court to act on Appellee's motions, on August 5, 2025 Appellants filed a document they captioned "Compliance with Civil Rule 10(D)." This was actually Appellants' attempt to provide Appellee with a more definite statement pursuant to Civ.R. 12(E). This document stated: "The contract entered in 2018 was a written contract between Dean L. Cicoretti and Andrea Cicoretti and A&M Total Restoration, LLC. A copy of the written contract is not attached to the amended complaint as Plaintiffs' only copy was destroyed when the new roof leaked and ruined everything in the office located in the house." This filing also noted that if the contract had been an oral contract it would have been time-barred by the statute of limitations for oral contracts.

{¶12} On August 14, 2025 Appellee filed a motion seeking a Civ.R. 12(B)(6) judgment on the pleadings, again also pointing out that Appellants did not comply with Civ.R. 10(D).

{¶13} Civ.R. 10(D) states:

**(D) Attachments to Pleadings**.

(1) *Account or Written Instrument*. When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading.

{¶14} The trial court dismissed the complaint on October 9, 2025 on the basis of Civ.R. 12(B)(6), and because Appellants failed to comply with Civ.R. 10(D). The court cited the requirement that a party must attach the contract to the complaint in a claim for

breach of a written contract, and if it is not attached, the reason for this failure must be contained in the complaint. The court noted that there was no reason set forth in the complaint explaining why the contract was not attached. The court also explained that any claims based on oral contract or negligence were time-barred. The court then concluded that Appellants' complaint must be dismissed under Civ.R. 12(B)(6), failure to state a cognizable claim.

{¶15} "An appellate court applies a de novo standard of review to dismissals for failure to comply with Civ.R. 10(D)." *Colon v. Fortune*, 2008-Ohio-576, ¶ 8 (8th Dist.).

{¶16} Appellants clearly did not comply with Civ.R. 10(D). If they intended to pursue a claim for a breach of written contract, they were required to either attach the contract to the complaint or include in the complaint the reason for failing to attach a copy of the contract. Appellants did neither of these things. In addition, Appellants never amended their complaint to include either a written contract or an explanation why the contract was not included. The document they filed that was captioned "Compliance With Civ.R. 10(D)" is not a pleading recognized in the Rules of Civil Procedure.

{¶17} Appellants claim, without any legal support, that an explanation for failing to attach a written contract to a complaint can be supplied in a response to a motion for a more definite statement, and that this suffices as a "pleading" to comply with Civ.R. 10(D). The documents that constitute "pleadings" are listed in Civ.R. 7(A). A responsive memo to a motion for a more definite statement is not among them. Hence, it is not a pleading.

{¶18} Some courts, including this Court, have held that failure to comply with Civ.R. 10(D), by itself, does not provide an adequate basis to dismiss a complaint under Civ.R. 12(B)(6). *Jordan v. Giant Eagle Supermarket*, 2020-Ohio-5622, ¶ 48 (8th Dist.);

*McCamon-Hunt Ins. Agency, Inc. v. Med. Mut. of Ohio*, 2003-Ohio-1221, ¶ 5 (7th Dist.). Failure to properly respond to a motion for a more definite statement in response to a Civ.R. 10(D) is not, in and of itself, a reason for dismissing a complaint. Civ.R. 12(E); *Simpson v. City of Lakewood*, 2003-Ohio-4953, ¶ 25 (8th Dist.).

**{¶19}** In this case, neither Appellants' complaints nor their response to Appellee's motion for a more definite statement addressed or even alleged the most basic elements of a breach of contract claim. A review of each of the complaints filed in this case reveals that none of them actually contain breach of contract claims, even though the caption of each complaint contains the words "breach of contract." "When determining whether a court has jurisdiction over a claim, we do not look to the label or caption, but rather, to the substance of the complaint." *Williams v. Stillion*, 2017-Ohio-714, ¶ 16 (7th Dist.). One of Appellants' four complaints was clearly based on negligence and stated so, repeatedly, in these complaints, even though they were captioned as breach of contract actions. All of the various versions of Appellants' complaints failed to allege some of the most basic aspects of a breach of contract claim, such as: the terms of the contract, even in a basic form; the date of the contract; the scope of the contract; the price to be paid; the consideration for the contract; that the plaintiff fulfilled its duties under the contract; that there was a breach of a contract; or the part of the contract that was breached. A breach of contract claim is properly pleaded by stating: the existence of the contract; the terms of the contract; performance by plaintiff; breach by the defendant; and the amount of the damage or loss. *Cairns v. Ohio Sav. Bank*, 109 Ohio App.3d 644, 647 (8th Dist. 1996); *Harper v. Miller*, 109 Ohio App. 269, 271 (3d Dist. 1957); *Enduring Wellness, L.L.C. v. Roizen*, 2020-Ohio-3180, ¶ 57 (8th Dist.).

**{¶20}** Even under Ohio's liberal "notice pleading" procedure governed by Civ.R. 8, a party cannot survive a Civ.R. 12(B)(6) motion if the complaint contains only "bare assertions of legal conclusions." *Woods v. Sharkin*, 2022-Ohio-1949, ¶ 30 (8th Dist.). "Allegations in a complaint must be supported by facts." *Walas v. Leone*, 2024-Ohio-4791, ¶ 52 (8th Dist.). A complaint that fails to plead the most basic elements of a breach of contract claim may be dismissed under Civ.R. 12(B)(6). *Jordan*, *supra*, at ¶ 50.

**{¶21}** The repeated refrain in all of the four filed complaints of "negligent, defective, and unworkmanlike conduct" sounds in tort, rather than contract. *Aldridge v. Reckart Equip. Co.*, 2006-Ohio-4964, ¶ 27 (4th Dist.) (defective and negligent design is a tort claim); *M.L. Simmons, Inc. v. Bellman Plumbing, Inc.*, 1995 WL 396349, *4 (8th Dist. July 6, 1995) (unworkmanlike performance is a tort claim); *Cornell v. Mississippi Lime Co.*, 2017-Ohio-7160, ¶ 53 (7th Dist.) (negligence is a tort claim). Therefore, the trial court was justified in dismissing Appellants' complaint for failure to state a claim on which to base relief because no breach of contract claim was actually expressed, and any claim for negligence was barred by the statute of limitations. *Nicolescu v. Smith*, 2023-Ohio-3610, ¶ 1 (7th Dist.) (court may dismiss a complaint under Civ.R. 12(B)(6) if the complaint on its face shows that the applicable statute of limitations has expired). "[N]either the defendants nor the court is required to research or discover every possible legal claim that may be supported by the facts." *Kramer v. Angel's Path, L.L.C.*, 2007-Ohio-7099, ¶ 14 (6th Dist.). Appellants' attempt to manufacture a viable breach of a written contract claim by simply stating in a subsequent filing that there was a written contract and that it was destroyed does not change the nature of the complaints and causes of action Appellants actually raised and filed.

**{¶22}** The parties discuss the possibility that the claim of failure to perform in a workmanlike manner could be a valid claim under a written contract, if there actually was a written contract with a clause governing workmanlike performance. The trial court acknowledged that a claim for failure to perform in a workmanlike manner may arise under tort or contract. *Netherlands Ins. Co. v. BSHM Architects, Inc.*, 2018-Ohio-3736, ¶ 32 (7th Dist.). Appellee argued, and the court agreed, that such a claim could only contractually arise if the work performed was for future construction. *Kishmarton v. William Bailey Constr., Inc.*, 93 Ohio St.3d 226 (2001). Since Appellants have not alleged in any of their complaints or other filings that the work Appellee performed was for future construction, the court determined that this claim also could not survive the motion to dismiss.

**{¶23}** Appellants' first assignment of error has no merit and is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT ERRED IN RULING ON A MOTION FOR JUDGMENT ON THE PLEADINGS PRIOR TO APPELLEE FILING AN ANSWER.

**{¶24}** Appellants contend that the trial court prematurely ruled on Appellee's motion for judgment on the pleadings because the pleadings were not yet closed when the court entered judgment. Civ.R. 12(C) states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Appellants argue that Appellee had not yet filed an answer to their complaint at the time the court dismissed it and that Appellee's motion to dismiss was, itself, premature.

<u>Case No. 25 MA 0100</u>

**{¶25}** A ruling on a motion for judgment on the pleadings is reviewed de novo. *Craig v. Amos*, 2026-Ohio-129, ¶ 14 (5th Dist.).

**{¶26}** Appellants are correct that if the pleadings are not yet closed, a court cannot rule on a Civ.R. 12(C) motion for judgment on the pleadings, and any such ruling is premature. *State ex rel. Kaylor v. Bruening*, 80 Ohio St.3d 142, 143 (1997). The documents that constitute "pleadings" are listed in Civ.R. 7(A). An answer is a type of pleading. Appellee had not yet filed an answer because the time for filing an answer was delayed when Appellee filed its Civ.R. 12(B)(6) motion to dismiss and its motion seeking a more definite statement. Hence, Appellants are also correct that the pleadings were not closed at the time the trial court dismissed their complaint.

**{¶27}** Nevertheless, Appellants' argument fails for two reasons. First, the court did not enter judgment pursuant to Civ.R. 12(C), judgment on the pleadings. The court dismissed the complaint under Civ.R. 12(B)(6), failure to state a cognizable claim. A court may enter judgment pursuant to Civ.R. 12(B)(6) at any time, and no motion is required to initiate the court's action: "a trial court can sua sponte grant Civ.R. 12(B)(6) dismissal for failure to state a claim. Such action is appropriate if the complaint is frivolous or if the claimant obviously cannot prevail on the facts alleged in the complaint." *Adlaka v. Giannini*, 2006-Ohio-4611, ¶ 28 (7th Dist.). A Civ.R. 12(B)(6) motion is directed solely at the complaint and tests the legal sufficiency of the complaint. *Ford v. Baska*, 2017-Ohio-4424, ¶ 6 (7th Dist.). Appellee filed a Civ.R. 12(B)(6) motion to dismiss on July 30, 2025. That was the motion which formed the basis of the court's ruling.

**{¶28}** Second, there is no error when a trial court treats a premature Civ.R. 12(C) motion as a Civ.R. 12(B)(6) motion, since the same standards of review are applied at

both the trial and appellate level. *Cool v. Frenchko*, 2022-Ohio-3747, ¶ 21 (10th Dist.). While Appellee clearly sought Civ.R. 12(B)(6) relief, the trial court was well within its power to dismiss this matter absent any answer by Appellee.

{¶29} Appellants' second assignment of error is also meritless and is overruled.

ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS/ MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON DOCUMENTS OUTSIDE THE PLEADINGS.

{¶30} Appellants allege that the trial court improperly considered evidence outside of the pleadings when the court dismissed this case. Civ.R. 12(B)(6) provides in part: "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." Appellants allege that the court considered deposition evidence from the previously dismissed Case No. 2022 CV 02125. Appellee did attach a page from Appellant Dean Cicoretti's deposition in Case No. 2022 CV 01215 to its August 14, 2025, motion to dismiss on the pleadings. There is no reference to this deposition evidence in the trial court's judgment, and there is no indication otherwise in the record that the court considered this evidence. Again, as it is apparent that this matter was properly dismissed on the basis of the allegations in the complaint, alone, the trial court would have no need to seek out evidence outside of the four corners of the complaint to support its judgment. Appellants' contention is not supported by the record, here.

**{¶31}** It is apparent the trial court relied on the allegations in the complaint when dismissing it under Civ.R. 12(B)(6). The primary basis for dismissal was the expiration of the applicable statutes of limitations. A claim for negligence is barred after four years. R.C. 2305.09(D). Appellants have not contested the determination that their claim for negligence is time-barred. A claim for breach of oral contract is also barred after four years. R.C. 2305.07(A). Prior to June 16, 2021, the statute of limitations for oral contract was six years. The notes to the amended statute state that if a cause of action for breach of oral contract occurred prior to the effective date of the amended statute, "the period of limitations shall be four years from the effective date of this act or the expiration of the period of limitations in effect prior to the effective date of this act, whichever occurs first." Calculating four years after the effective date of the act, the limitations period would have expired on June 16, 2025. In order to utilize the prior six-year statute of limitations for oral contract, the court was required to have knowledge of the date the contract was entered into. Appellants did not specify the exact date that Appellee performed work on the roof of their house except to say it was in 2018. The court used the last possible date in 2018 (December 31, 2018) to calculate that the prior six-year statute of limitations would have expired on December 31, 2024. As this date is earlier than June 16, 2025, the court used the December 31, 2024 date as the expiration of the statute of limitations. Appellants did not file their complaint until May 27, 2025.

**{¶32}** Finally, the court determined that there was no claim for breach of a written contract: no contract was attached to the complaint; no explanation was given why the contract was not attached; and most importantly, Appellants failed to properly allege and support a claim for breach of contract.

Case No. 25 MA 0100

**{¶33}** It is clear the court did not rely on any documents outside the pleadings to make any of this analysis. Appellants' third assignment of error is likewise overruled.

Conclusion

**{¶34}** Appellants raise three arguments in support of their contention the trial court erred in deciding to dismiss their complaint. Appellants allege that the court improperly dismissed the complaint solely for failure to comply with Civ.R. 10(D). Although it is clear that Appellants did not comply with Civ.R. 10(D), a court may not dismiss a complaint solely on that basis. The record shows, though, that the court dismissed the complaint pursuant to Civ.R. 12(B)(6), and not solely due to Civ.R. 10(D). Appellants also contend that the trial court's ruling was premature, as Civ.R. 12(C) prevents dismissal if the pleadings were not closed. Since the court did not dismiss the complaint under Civ.R. 12(C), Appellants' argument is misdirected. The court granted Appellee's Civ.R. 12(B)(6) motion to dismiss, and this motion may be ruled on at any time. Finally, Appellants assert that the court relied on documents outside of the pleadings when it dismissed the case, but there is nothing in the record to support this assertion. None of Appellants' assignments of error have merit, and the judgment of the trial court is affirmed.

Hanni, J. concurs.

Dickey, J. concurs.

Case No. 25 MA 0100

_____

For the reasons stated in the Opinion rendered herein, Appellants' assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**